HAYS, *Appellant*, v. THE KANSAS CITY, FORT SCOTT
& GULF RAILROAD COMPANY.

DIVISION TWO.

**Statute of Frauds:** PART PERFORMANCE : RAILROAD.  Where a land-
owner orally agrees to convey land to a railroad company on
condition that it will construct a sidetrack thereon, and erect
station buildings on adjoining land, evidence that the company
erected the station buildings as agreed, constructed the track on
part of the land, used the remainder as a roadway and expended
several hundred dollars in grading and macadamizing it, warrants
the finding that the contract was sufficiently performed to take it
out of the statute of frauds.

*Appeal from Webster Circuit Court.*—HON. W. I.
WALLACE, Judge.

AFFIRMED.

*T. J. Delaney* for appellant.

(1)  The defendant is not entitled to a decree of
specific performance, because the evidence relied upon
to establish the parol contract set up in answer is not
of such character as will warrant the decree.  *Taylor v.
Williams*, 45 Mo. 80 ; *Underwood v. Underwood*, 48 Mo.
527 ; *Paris v. Healey*, 61 Mo. 453 ; *Mastin v. Halley*, 61
Mo. 196 ; *Tedford v. Trimble*, 87 Mo. 226 ; *Vieth v.
Gierth*, 92 Mo. 97 ; *Strange v. Crowley*, 91 Mo. 287 ;
*Lapham v. Dreisvogt*, 36 Mo. App. 275.  (2)  If the
parol contract relied upon is established by clear and
convincing testimony, there is no evidence of possession
taken thereunder, or improvements made thereon such
as is necessary to entitle defendant to specific perform-
ance.  *Parke v. Leewright*, 20 Mo. 85 ; *Spaulding v.
Gonzleman*, 30 Mo. 177 ; *Underwood v. Underwood*, 46

Mo. 527; *Sitton v. Ship*, 65 Mo. 297; *Ellis v. Railroad*, 51 Mo. 200; *Cullegan v. Wingerter*, 57 Mo. 250; *Lydick v. Holland*, 83 Mo. 703; *Emmel v. Hayes*, 102 Mo. 186. (3) Damages will compensate defendants for the money expended on the land, and the decree should have been for damages. *Holland v. Anderson*, 38 Mo. 55; *Hamilton v. Hamilton*, 59 Mo. 232. (4) Refused instruction, numbered 3, should have been given. See cases cited under point 2, especially *Emmel v. Hays*, 102 Mo. 186. (5) Ejectment will lie, and the second instruction given is erroneous. *Walker v. Railroad*, 57 Mo. 257; *Armstrong v. City*, 69 Mo. 309; *Bradley v. Railroad*, 91 Mo. 493; *Evans v. Railroad*, 64 Mo. 453.

*Wallace Pratt* and *J. C. Cravens* for respondent.

(1) This record presents simply questions of fact, which under proper declarations of law were determined in favor of the defendant. And the court's findings are fully sustained by the evidence. There is, therefore, nothing for this court to review. (2) A verbal contract to convey land followed by a delivery or change of possession will always take the case out of the statute of frauds. And specific performance will be enforced. Much more is this true where the vendee has fully performed his part of the contract, and has made lasting and valuable improvements on the land. *Johnson v. McGruder*, 15 Mo. 365; *Despain v. Carter*, 21 Mo. 331; *Young v. Montgomery*, 28 Mo. 604; *Townsend v. Hawkins*, 45 Mo. 286; *Dickerson v. Chrisman*, 28 Mo. 134; *Anderson v. Scott*, 94 Mo. 637; *Dougherty v. Harsell*, 91 Mo. 161; *Anderson v. Shockley*, 82 Mo. 250. (3) Even if there was no direct evidence of a contract to convey in this case the fact that the plaintiff stood by and saw the defendant making valuable improvements on the land under a claim of ownership, and actually directed defendant's superintendent, Diggins, where the line between him and the company was, which the

defendant then accepted as correct and acted upon it in improving the property—this fact alone works an equitable estoppel against the plaintiff from thereafter claiming the land. *Chouteau v. Goddin,* 39 Mo. 229 ; *St. Louis v. Gas Co.,* 70 Mo. 99 ; *Garnhart v. Finney,* 40 Mo. 449 ; *Baker v. Vanderburg,* 99 Mo. 378 ; *Bunce v. Beck,* 46 Mo. 327. ( 4 ) Even if there were no contract, verbal or written, which the defendant was entitled to have specifically performed, and nothing in the evidence operating as an equitable estoppel of the plaintiff in this case, still he could not maintain ejectment against the railroad company for land occupied by its track and as a right of way constructed with his knowledge and consent. *Baker v. Railroad,* 57 Mo. 265 ; *Provolt v. Railroad,* 57 Mo. 256 ; *Gray v. Railroad,* 81 Mo. 132 ; *Kanaga v. Railroad,* 76 Mo. 207 ; *McClellan v. Railroad,* 103 Mo. 295.

MACFARLANE, J.—The suit was ejectment to recover a lot of land in Springfield, Missouri, on which were located two sidetracks of defendant, and near to which were defendant's depots. The lot sued for and described in the petition was one hundred feet wide fronting on the west side of Main street, and one hundred and fifty feet in length. One of the defendant's sidetracks was within two feet of the south side of this lot. And the other was about seventy-five feet north of the first.

The defense was that the Springfield & Western Missouri Railway Company, defendant's grantor, had taken possession of the property under a verbal contract with plaintiff by which he agreed to convey the land to said company in consideration that it would " locate upon said parcel of ground and the lands adjacent thereto their main track of railroad, switches, depot buildings, engine-house or houses, turntables, etc., and to use and occupy said grounds in the said manner and for the said purpose of a general depot in the city of Springfield and for the further and especial consideration

that said Springfield & Western Missouri Railroad Company do locate and place a switch from their main track on the south side thereof along the south part of said lot of ground hereinafter described, running east and west and immediately on the south line of said tract so that lots adjoining said tract hereinbefore described on the south, owned by said plaintiff, may abut said switch."

It averred further that said company fully complied with all the terms and conditions of said contract, and that thereafter defendant became the owner of all the property rights and franchises of said company including the equitable right and title to said land. The answer further averred that defendant was in possession of said property under and by virtue of said contract, had made valuable and expensive improvements thereon, and prayed for affirmative relief.

On the trial it was admitted that defendant became the owner of all the franchises, rights, property and effects of the Springfield & Western Missouri Railroad Company, including the equitable title, if any, of said company, in and to the parcel of ground in controversy, and that defendant was in possession thereof.

We think there is no doubt that the verbal contract to convey the lot was clearly established by evidence sufficient to justify the finding on that proposition.

The principal contention on the part of plaintiff is that the contract, being within the statute of frauds, a sufficient part performance had not been shown to free it from that statute. It appears without dispute that plaintiff Hays owned the tract consisting of about two hundred and twenty-five feet front on the west side of Main street. In 1878 the railroad was built through Springfield, the main track running east and west some two hundred and twenty feet north of plaintiff's, and a sidetrack had been built over the north side of this land about parallel to the main track. It does not appear under what contract or agreement this sidetrack was

built. None was shown. In 1879, the contract in question was made. B. U. Massey who represented the railroad testified: "Mr. Hays agreed if the railroad company would extend the south switch, and would build their new depot on the ground of Phelps and of Leftwicks, or on adjacent lands, and would maintain them there, that he would give the railroad the land lying north of this south switch (and including the south switch) up to the middle of the branch, and he would make them a deed as soon as the switch was constructed. As soon as the switch was constructed I prepared the deed. (Deed here shown.) I think this is the deed. This deed embodies the agreement then made with Mr. Hays. I gave it to Mr. Hays to execute. He said he would execute it, but he never did."

Plaintiff testified that he made no contract with Massey at all; that he did agree with Murray, president of the road, that he would give nine feet of land upon which to construct the south switch, but never intended or agreed to give the land lying between the two tracks. We think the weight of corroborating testimony and the circumstances sustain the evidence of Massey.

The sidetrack was built across the land, and the other improvements substantially made as agreed. The strip of land in controversy, some fifty feet in width, lying between the two sidetracks and extending up to the freight depot, was used by the railroad company, without objection, as a means of access from Main street to the depot and to the cars on the sidetracks. The grade of Main street had been raised two or three feet which left the disputed strip lower than the street. The defendant had graded it up to a level with the street and covered it with macadam. The cost of this grading and macadamizing was estimated at $300, which was independent of the cost of the sidetrack. This grading was in 1882; when it was about completed on this strip, the plaintiff served notice on the defendant to cease using or improving the lot. It might be added

that in 1880, after the alleged contract, plaintiff sold and conveyed to defendant a tract of land which included the north sidetrack, and the plaintiff did not claim, on the trial, the land on which the south track was laid, though the land covering both tracks was included in the petition and in the verbal contract. The evidence tended to prove that plaintiff had notice that the grading and improvements were being made.

The case was tried to the court without a jury, and the finding was for defendant, and affirmative equitable relief granting the use of the land in dispute was decreed. Plaintiff appeals.

At the request of plaintiff the court gave the following declarations of law: "Before the court can find the issue for the defendant as to the land not embraced in the deed executed and delivered by Hays to the railroad company and not covered by the south switch and two feet on each side thereof, the court sitting as a jury must be satisfied beyond a reasonable doubt: *First.* That the plaintiff Hays did make and enter into a verbal contract, as set out in the answer, for the sale of said land, which contract must be established by clear, definite, competent and unequivocal proof, and, *second*, that the defendant or those under whom it claims entered into the possession of that particular tract of land under and by virtue of said contract with the knowledge, permission and consent of said Hays, and, *third*, that the defendant, or those under whom it claims, made valuable and lasting improvements thereon to the knowledge and with the permission and consent of said Hays."

We think there was evidence authorizing each of the propositions contained in this instruction, and the finding and judgment indicates that the court was satisfied with the truth of each of them.

A verbal contract for the sale of land, and nothing more, is as nothing. It has no binding force whatever, because of the statutes of fraud. If one can show,

however, a taking possession of land, making valuable and lasting improvements thereon, exercising exclusive possession and ownership thereof, all with the knowledge and consent of the owner, and which can be referred to and explained by a verbal contract, established by clear and satisfactory evidence, then, in such case, to prevent fraud and injustice courts of equity will decree a specific performance of the verbal contract. *Emmel v. Hayes*, 102 Mo. 186, and authorities cited.

Under the declaration of law given in this case and the finding and decree thereunder, the court was bound to have found that a verbal contract was clearly established; that possession was taken and improvements made thereunder; and that all was done with the knowledge and consent of plaintiff. It is true the evidence does not show an exclusive possession by defendant to the strip of land between the tracks, but it shows a possession and use of it as a roadway and its improvement as such, which was the only use to which defendant wished to apply it, and which was wholly inconsistent with any proprietorship on the part of plaintiff. It must also be remembered that the verbal contract, as the evidence tended to prove it, included the land upon which the south sidetrack was afterwards laid and constructing that track is a part performance and an act of possession and ownership which the court had a right to, and doubtless did, consider. Judgment affirmed. All concur.