SEPT. TERM,
1837.

Pitcher v. Wilson.

Nor can such outstanding title be given in evidence in mitigation of damages—the measure of damages being expressly fixed by statutory provision. (Rev. Code. page 235, s. 11.)

5    46
36a  313

5    46
129  657

5    46
72a  562

5    46
93a  191

5    46
97a  150

PITCHER v. WILSON.

An agreement between A. and B. that A. shall serve B. five years, in consideration of certain things to be done by B, is within the statute of Frauds, and must be in writing in order to support an action.

APPEAL from Jackson circuit court.

*T. C. Burch,* for plaintiff in error:

The court below erred in permitting the verbal contract to be given in evidence, and in refusing to grant a new trial, for the reason that said contract was not to be performed within a year from the making of the same; it was in the statute of frauds and void.—See Blanton v.

Knox, 3 Mo. Rep. 342; Chitty on Contracts, 208–9; 1 Barnwell and Alderson's Reports, 723.

The court erred in refusing to arrest the judgment, because the jury in their verdict assessed the damages without finding the issue joined between the parties.

*Wilson,* for defendant in error:

We insist the court decided correctly in all its decisions.

The declaration has at least some good counts in it, and therefore the motion in arrest for the badness of the declaration must fall, and this is too plain to require proof.

That whether the next friend was duly appointed cannot be taken advantage of in arrest, because it does not affect the judgment, and does not form a part of the declaration, and therefore is not reached by a motion to arrest. A judgment on an attachment may be had without an affidavit, and yet the judgment is good till you reach the affidavit and set it aside on motion—see the case of Hayden v. Alexander, 2 vol. Mo. Rep. So would a judgment be good after a defective affidavit, to hold to bail for the same reasons. The verdict is perhaps not very formal, but it is substantial; it is a finding for the plaintiff $372 in damages—see the statute on these subjects, Digest, 468, &c. The court did right in permitting the evidence, because it exactly supported the 4th count in terms, and the 3d and 5th counts substantially; it being admissible as to the 4th count, because it was in the very terms of that count, it cannot be objected as to the others. The defendant should have demurred to the 4th count if not good, and not do as he did, go to trial on the general issue; and so, for the same reason, the motion to exclude was wrong.

The first instruction asked, and refused, asserts that the proof of the 4th count in terms does not bind the defendant, because the plaintiff, being an infant, could not make an agent. This is the first time that I ever heard of a defendant pleading the infancy of the plaintiff to an executed contract; even supposing this to have been a plea relying upon that defence, it would certainly meet with but little favor on account of justice, nor do I believe such a plea has ever been pleaded; especially where the contract has been fulfilled by the infant. There might be such a defence as this perhaps, where the infant agreed to perform a certain act and had failed, and refused to perform his part, and protected himself under his plea of infancy. Then if the defendant's con-

SEPT. TERM, 1837.

Pitcher v. Wilson.

tract was expressly limited, on the performance of the infant, in that case the adult might show a refusal, &c. to show the contract void; but if the adult's performance of his part of the contract did not depend in terms for its performance on the previous performance of the infant, even then, I apprehend, he would have to go into equity for relief. But here there is no pretence for showing this, when the adult has received his (whole) stipulated benefit of the contract; then to say, in excuse for his failure to perform his part of the agreement, that the plaintiff was too young, is a doctrine which is more monstrous than any I have been called to answer. It strikes at the very root of the support of those infants; young men of twenty years of age, who are so unfortunate as to have no father or mother, or guardian, to make a contract for them—a doctrine which, if adopted in any civil code, would at once give the strongest evidence of the knavery of the law-making power.

The other instructions asked are in the same spirit, and were properly overruled.

TOMPKINS, Judge, delivered the opinion of the court.

Lewis Wilson brought an action of assumpsit against Thomas Pitcher, in the circuit court. Plea, non-assumpsit, and issue joined; verdict for the plaintiff, and judgment accordingly. To reverse the judgment of the circuit court this appeal is prosecuted. The evidence saved in the bill of exceptions shows that some years since, the plaintiff agreed to serve the defendant five years, in consideration of certain things to be done by the defendant for the plaintiff. The plaintiff proved that he had served the defendant the time agreed on. The defendant moved the court to instruct the jury that there was no legal evidence before them.

An agreement between A. and B. that A. shall serve B. five years, in consideration of certain things to be done by B. is within the statute of Frauds, and must be in writing in order to support an action.

The defendant relies on the statute of frauds; by the first section of which, it is provided that no action shall be brought upon any agreement that is not to be performed within one year from the making thereof, unless the agreement upon which the action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith, or some other person, by him thereto lawfully authorized. The case of Blanton v. Knox, decided by this court, see 3d vol. Mo. Decisions, was not like this; there Blanton hired the negro to Knox for a year, and it was the opinion of the court that Blanton could recover, he hav-

ing performed his part of the contract by delivering the negro into the possession of Knox, and it being the part of Knox to see that the negro performed his duty. In the present case it is a free person who contracts to perform services for the term of five years, and before the expiration of that time he cannot claim his pay. The evidence was admissible under the general issue—see Chitty's Pleadings, vol. 1, 474; where it is said it may either be pleaded or given in evidence that the contract was against the statute of frauds. The instructions prayed for ought to have been given, and the judgment of the circuit court, for refusing to give such instructions, ought, in my opinion, to be reversed; and the other two Judges concurring in this opinion, it is reversed and the cause remanded.