———o———

BENJAMIN B. SHARP, *et al.*, Respondents, *vs.* HENRY RHIEL, *et al.*, Appellants.

1. *Parol contracts—Performance of—Stat. frauds—Year, when commences running—Part performance.*—The year,within which a contract not in writing must be performed in order to escape the bar of the statute of frauds, (Wagn. Stat., 656, § 5,) must commence from the date of the contract, and not from the date of entering upon its performance. The doctrine of part performance has no application to this provision of the statute. Performance as meant by that section is complete, and not partial, performance. (Atwood's Admr. vs. Fox, 30 Mo., 499.)

*Appeal from Henry Common Pleas.*

*McBeth & Pierce and F. P. Wright,* for Appellants, relied upon the statute of frauds, (Wagn. Stat., 656, § 5,) and Atwood's Admr. vs. Fox, 30 Mo., 499.

*LaDue & Fyke,* for Respondents.

I. Respondents contend, that the real time, within the meaning of the statute, when said contract was actually made and concluded, was March 1st, 1871, when they commenced hauling, and appellants commenced receiving the coal. They acted under the original understanding, and on that day (March 1st 1871,) ratified and made binding the previous understanding between the parties.

II. The respondents were wrongfully stopped in the prosecution of their business by the appellants. We say, that this state of facts presents such a case as is recognized in the law as a contract fully performed by these respondents, and that

Sharp, et al. v. Rhiel, et al.

the appellants should be made to respond in damages for the wrongful breach on their part.

ADAMS, Judge, delivered the opinion of the court.

The only point raised by this record is, whether the plaintiffs could recover on an executory contract not in writing, which was made on or about the first day of February, 1871, or several weeks before the first of March, whereby it was agreed between the parties, that the plaintiffs should furnish to the defendants all the coal they might need to run a steam flouring mill from the first of March, 1871, till the first of March, 1872. After making the contract, the defendants did, on the day named, commence delivering coal at the price agreed on, which was paid to them as they delivered it; and they continued to do so till the 25th of April, 1871, when the defendants refused to receive any more coal, although the plaintiffs were ready and willing, and offered to continue, to deliver the coal for the whole time agreed on.

During the progress of the delivery the defendants acknowledged the existence of the contract in conversations, and requested plaintiffs to open another bank of better coal, so as to deliver from the new bank, which they did. But there was no proof at all to show that there was any new contract made to carry out the original contract. The statute of frauds was set up and relied upon by the defendants in their answer as a bar to the plaintiffs' recovery.

The court gave an instruction for the plaintiffs to the effect, that if the contract could be performed within a year from the time of entering on its performance, the plaintiffs could recover. And for the defendants, the court instructed, that if the contract could not be performed within a year from the time of making it, the plaintiffs could not recover. The jury found a verdict for the plaintiffs. A motion for a new trial was made and overruled.

The plaintiffs had no standing in court. The statute of frauds was a complete bar to their recovery. The two instructions were obviously contradictory; the defendants' was

rightly given, and the plaintiffs' was wrong and should have been refused.

The statute of frauds is, that no action can be maintained on a contract not in writing, which cannot be performed within one year from the time of making it. (Wagn. Stat., 656, § 5.) There must be some note or memorandum in writing signed by the party to be charged. The time commences from the making of the contract, and not from the time the performance is to commence.

It is very manifest that a part performance has no application to this part of the statute. Unless the contract can be wholly performed within the year from the time it is made, it is covered by the statute. (Atwood's Admr. vs. Fox, 30 Mo., 499.)

Let the judgment be reversed, and the cause remanded. The other judges concur.