JAMES JOHNSON, Respondent, v. JAMES READING, Appellant.

#### St. Louis Court of Appeals, May 14, 1889.

Contract: STATUTE OF FRAUDS. An oral contract for the assignment or sale of a lease for a term exceeding one year, and which could not be performed within one year from the making thereof, is within the statute of frauds; and, that the defendant took possession of the property and paid a portion of the rental to the original lessor, does not take it out of the statute.

*Appeal from the Pike County Circuit Court.*—HON. ELLIOTT M. HUGHES, Judge.

REVERSED AND REMANDED (*and certified to the supreme court*).

*Robinson & Farrell*, for the appellant.

The contract relied on by the plaintiff was void because it was for the assignment of a lease of lands and was not in writing. R. S., sec. 2510. It was also void because it was for the sale of a lease of lands for a longer time than one year. It was also void because it could not be performed within one year. R. S., sec. 2513. Parol testimony should have been excluded, and the demurrer to the evidence sustained. Taylor Landlord & Tenant, sec. 427 ; Browne Stat. Frauds, secs. 230, 272, 290; *Durand v. Curtis*, 57 N. Y. 7; *Howard v. Easton*, 7 Johns. 205; *Cabot v. Hoskins*, 3 Pick. 83 ; *Pierce v. Pierce*, 28 Vt. 34, a leading case in which the opinion was delivered by Chief Justice RED-FIELD ; *Wilson v. Ray*, 13 Ind. 1 ; *Emery v. Smith*, 46 New Hamp. 151. The doctrine of part performance does not apply to contracts creating and contracts assigning leases. The contract between the plaintiff and the defendant was simply for assignment of the plaintiff's interest in the lease. In the very nature of things the doctrine of part performance does not apply to contracts not to be performed within a year. *Sharp v. Rhiel*, 55 Mo. 97. A promise to pay money, as much as a promise to do any other act after expiration of a year, is within the statutes. Browne Stat. Frauds, sec. 290.

*Reynolds & Lewis*, for the respondent.

The appellant contends the contract was void because it was for an assignment of a lease of lands,

and was not in writing, and cites section 2510, Revised Statutes.    There can be nothing in this point under the state of facts admitted.    The appellant was put in possession of the property and paid part of the money ; if he did not retain and use the same it was his own fault. "He had the possession and did not enjoy the fruit, because he would not pluck it."    The contract was executed and wholly performed on the part of the respondent, and partly performed by the appellant.    *Tatum v. Brooks*, 51 Mo. 158 ; *Hoyle v. Bush*, 14 Mo. App. 408 ; *Adair v. Adair*, 78 Mo. 633 ; *Winters v. Cherry*, 78 Mo. 344. The oral testimony was proper, and the demurrer to evidence properly overruled.   *Russell v. Berkstresser*, 77 Mo. 417.    Suppose the contract was one that could not be performed in a year ?  It was wholly performed by the respondent when he put the appellant in possession of the land according to the contract ; and if he did not use it "he had had possession, and did not enjoy the fruit because he would not pluck it."    The case of *Winters v. Cherry*, 78 Mo. 344, settles the point against the appellant.    If the court should hold the contract to be one of leasing, under our statutes it would be a tenancy from year to year ; and having been placed in possession, he must give the notice required by law in order to relieve himself.   R. S. Mo., sec. 3077 ;  *Withnell v. Pretzold*, 17 Mo. App. 669 ; *Scully v. Murray*, 34 Mo. 420.

ROMBAUER, P. J., delivered the opinion of the court.

The plaintiff's petition charges in substance, that in 1875 he, together with four other persons, leased from one Block several thousand acres of pasture land in Pike county, Missouri, for a period of ten years, at an annual rental of five hundred dollars per year, each of said lessees to pay one hundred dollars ; that they

took possession of said land, and afterwards in the month of February, 1882, the defendant agreed with the plaintiff that if the plaintiff would surrender to him his interest in said lands and put him in possession thereof, he would pay to said Block the plaintiff's portion of the rent of said land for the years 1882, '83, '84, and '85, to-wit: The sum of one hundred dollars per year for each of said years. That in pursuance of said agreement, he did deliver to the defendant the possession of said lands and that the defendant paid to said Block one hundred dollars for the year 1882, but refused to pay anything further either to Block or the plaintiff. That the plaintiff paid to said Block the said rent for the said remaining years, amounting to three hundred and ninety dollars, for which he asks judgment.

The defendant, by answer, denied that he agreed to pay said Block the plaintiff's portion of the rental price of said lands, if the plaintiff would put him in possession thereof, but admitted that he did agree with the plaintiff to pay the sum of one hundred dollars per year for a one-fourth interest in said pasture lands, if the plaintiff would erect a good and substantial fence enclosing the same; that in pursuance of said agreement he pastured his cattle on said lands during the summer of 1882, and paid therefor the sum of one hundred dollars; but that the plaintiff failed and refused to inclose said lands as he had agreed to do, and he, therefore, declined to further use, occupy, or pasture said lands as he had a lawful right to do, and has not since used, occupied, or pastured said lands nor had anything further to do with the same.

The answer further alleges that the agreement between the plaintiff and the defendant was not in writing, nor was any memorandum or note thereof reduced to writing by him or the plaintiff as required by chapter 35, of Revised Statutes, of this state, and therefore no suit can be maintained thereon, and pleads the provisions of said chapter 35, as defense of this action.

The new matter of the answer was denied by reply.

Upon the trial of the cause, it appeared that the contract between the plaintiff and the defendant was oral, that the land consisted of a large tract of wild land used for pasturage, which the plaintiff and others had leased from one Block, who subsequently assigned in writing his interest as lessor to Hugh Love and Jesse Love.

Touching his contract with the defendant, the plaintiff testified as follows: "About February, 1882, I rented my part to Mr. Reading for the remaining four years. I turned my interest over to Mr. Reading under an agreement with him that he would pay my portion to Mr. Block  He agreed to pay Mr. Block the one hundred dollars per year that I agreed to pay. He just agreed to take my place in the lease. In the spring following, he turned his cattle on the land. He never offered to surrender the land back to me. At the end of the first year, he paid one hundred dollars, and never paid any more. Last November, I paid the balance on my part, amounting to three hundred and thirty-six dollars."

On cross-examination, the plaintiff testified referring to the defendant and this contract: "He said he wanted to rent my part of the land. I told him he could have it at what I was to pay, if the others were willing. I saw the other parties interested with me, and they had no objection. The next time I saw him, I told him the others were willing and he could have it. I don't know where this conversation took place, but believe it was at the defendant's house; also I don't know the exact language that was used, he was just to take my place in the lease for the balance of the term."

The defendant objected to all this oral evidence, as the contract was one within the statute of frauds, and, his objection being overruled, excepted. The plaintiff was the only witness on his own behalf, and the above

represents the substance of his testimony detailing the contract. At the close of this evidence, the defendant offered an instruction in the nature of a demurrer to the evidence, which was refused by the court, and the defendant excepted. The plaintiff recovered judgment, and the above rulings of the court are the main errors assigned by the defendant appealing.

Section 2510, of Revised Statutes, provides: "No leases, estates, interests, either of freehold or term of years, or any uncertain interest of, in, to, or out of any messuages, lands, tenements, or hereditaments, shall at any time hereafter be assigned, granted, or surrendered, unless it be by deed or note, in writing, signed by the parties so assigning, granting, or surrendering the same or their agents, lawfully authorized by writing, or by operation of law."

Section 2513 provides among other things, "No action shall be brought * * * to charge any person upon any contract for the sale of any lands * * * or any lease thereof for any longer time than one year, or any agreement that is not to be performed within one year from the making thereof, unless the agreement upon which the action is brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person by him thereto lawfully authorized."

The defendant contends that the agreement, as shown by the plaintiff's own evidence, falls within both of these sections. It is either an assignment of a lease for a term of years under the provisions of section 2510, or the sale of a lease under the provisions of section 2513. The defendant further contends that the agreement is clearly within the provisions of section 2513, as an agreement not to be performed within one year from the making thereof.

The petition charges that the agreement was simply one to surrender the plaintiff's interest in the lands to the defendant and to put the defendant in possession,

but there is nothing in the evidence which indicates that the contract related to a mere surrender of the possession, assuming that a surrender, legally speaking, can ever take place to one who is a stranger to the title. The petition states that the plaintiff was the owner of one undivided fifth in a leasehold for an unexpired term of four years. The plaintiff's evidence is to the same effect, and it conclusively appears therefrom that the contract contemplated a substitution of the defendant for the plaintiff as one of the lessees of the land. The plaintiff testifies: "In February, 1882, I rented my part to Mr. Reading for the remaining four years," and again, "I do not know the exact language that was used. He was just to take my place for the balance of the term."

It is evident that this was not an assignment by operation of law, and a verbal assignment in fact of such an interest in land can not be upheld. Taylor Land. & Ten., sec. 427 ; Browne Stat. Frauds, sec. 230 ; *Durand v. Curtis*, 57 N. Y. 7.

It seems to be conceded by the plaintiff that the contract was one within the statute of frauds under the interpretation which that statute has received in other jurisdictions in this country where it has been adopted, but it is claimed that under the decisions in this state, the performance on the plaintiff's part was of such a character as to take it out of the statute.

The first case on that subject in this state is *Blanton v. Knox*, 3 Mo. 342. In that case Blanton hired to Knox a negro woman September 10, 1832, for one year ; the service was to commence on the fourteenth of the same month. Blanton delivered the woman to Knox on the day specified, and on the twenty-second of the same month both parties rehearsed the contract in presence of witnesses, and acknowledged it to be as above stated. The contract was not in writing, but the services were fully performed by the negro slave, and the action was

instituted after the expiration of the year. The court, in upholding the recovery, placed its decision on the ground that the services were not to be performed by Blanton, but by the slave, and that when he delivered the slave to Knox, to be possessed, commanded, and worked by him, he had done all that he could do, and had fully performed his part of the contract. The case concedes that if Blanton himself had agreed to render the services to Knox the rule would have been otherwise, and expressly decides that an acknowledgment of the contract within the year was not sufficient to take the case out of the statute.

In *Pitcher v. Wilson,* 5 Mo. 46, Wilson claimed under an oral contract for personal services for five years. The plaintiff proved that he had served the defendant the time agreed upon. The defendant moved the court to instruct the jury that there was no legal evidence before them, as such proof was by parol. The court refused this instruction and the plaintiff recovered judgment. This judgment was reversed, the supreme court holding that the instruction should have been given, distinguishing the case from *Blanton v. Knox,* because the services here were those of the contracting party, and the contract in its very nature could not be performed fully by either party within the year. We are not aware that this case has ever been reversed or even criticised.

In *Suggett v. Carson,* 26 Mo. 221, no defense of the statute of frauds was made on the trial, and while the supreme court in its opinion discusses this statute, it merely decides the familiar propositions, that a contract which may be performed in one year is not within the statute, and that a contract of the sale of a chattel is taken out of the statute if fully performed on one side.

*Self v. Cordell,* 45 Mo. 345, simply decides that a sale of a chattel is not within the statute of frauds

when the purchase money has been paid and the chattel delivered, although another part of the consideration on part of the vendor was not to be performed within one year. The statement made by Judge WAGNER in general terms at the close of the opinion, as to the settled doctrine of the courts in this state, would be inaccurate if applied to other contracts not to be performed within one year, since it is directly opposed to the point expressly decided in *Pitcher v. Wilson*, 5 Mo. 46.

Before proceeding to the examination of Missouri cases touching parol contracts for the sale of lands or any interest therein which are taken out of the statute by part performance, it is important to note the elementary distinction that that doctrine is one purely of equity. Courts of equity execute such contracts not because they are less bound by the provisions of the statute than courts of law, but because the refusal of the specific execution of verbal contracts, to which the provisions of the statute apply, would under certain circumstances countenance the practicing of a fraud, and it is their duty as courts of conscience to prevent fraud. Prof. Parsons in his work on contracts says : " Much doubt has been expressed as to the wisdom or expediency of this rule ; but it seems now to be well established. But the efforts to make the same rule operative at law have wholly failed ; and the *dicta* which assert this rule at law have been overruled. And even in equity it is established with some qualifications or rather requirements," among which he mentions that the act must be directly in prejudice of the party doing the act, who must himself be the party calling on this ground for the completion of the contract. 3 Pars. Cont. [ 7 Ed.] 60.

The cases of *Charpiot v. Sigerson*, 25 Mo. 63 ; *Price v. Hart*, 29 Mo. 171 ; *Adair v. Adair*, 78 Mo. 630, have under this rule no bearing whatever on the case at bar, as all these cases were suits in equity to enforce contracts. The case of *Tatum v. Brooker*, 51 Mo. 148, is

one which seeks to apply the doctrine of part performance to an action at law for damages, but that case is so imperfectly reported in its facts that it is difficult to note the exact boundaries of the decision.

In *Winters v. Cherry*, 78 Mo. 344, Commissioner Phillips discussed at some length the Missouri cases and states as their result that where the contract has been wholly performed on one side then, though the contract be one touching the interest in land or not to be performed by the other party within a year, it is taken out of the statute. The remarks thus made were to a great extent *obiter*, and unnecessary to the decision of the case, as the learned commissioner finally upheld the judgment of the lower court on the ground, that one month's rent alone had been sued for, and that that amount was admittedly due, regardless of the fact whether the case was within the statute or not.

We may concede that it is fairly deducible from all cases decided in this state touching contracts falling within the various sections of the statute of frauds, that where the contract has been fully performed on one side, and the other party had the benefit of such performance, recovery may be had even upon the contract itself. Among the cases above cited *Pitcher v. Wilson* alone is opposed to that view, while *Blanton v. Knox, Suggett v. Carson, Self v. Cordell, Tatum v. Brooker*, and *Winters v. Cherry* seemingly support it. On the other hand, we are bound to concede that part performance does not even in this state take a contract, not to be performed within one year from the time of its making, out of the statute, because that has been expressly decided in *Sharp v. Rhiel*, 55 Mo. 97, where the court says, "It is very manifest that a part performance has no application to this part of the statute."

The plaintiff claims that he has wholly performed the contract in the case at bar. We have been referred to the case of *Russell v. Berkstresser*, 77 Mo. 417, as supporting that view. That was a suit upon notes

secured by mortgage taken by the vendor in part payment of land. The vendee being in possession and the mortgage being about to be foreclosed, the vendor and vendee agreed orally that in consideration of the vendee's surrender of the property without suit and his forfeiture of the amounts already paid for the land, the vendor would cancel the notes. The vendee thereupon did surrender the property as agreed on, but the vendor refused to cancel the notes, and brought suit thereon. It is true the statue of frauds was pleaded by the plaintiff as avoiding the defense, but the question was simply one of an executed consideration for the promise, and, as Commissioner Winslow properly remarks, "the entire defense was based on an executed parol contract and there was no necessity for telling the jury anything about a contract in writing."

We fail to see the bearing of that case on the present. How can it be claimed that the contract in this case was executed when in its very nature it involved not only the surrender of the possession but the assignment of the unexpired term? Can it be held that the simple putting the defendant in possession, without more, necessarily conferred upon him the plaintiff's leasehold term? If not, how was the leasehold ever conveyed to him without any memorandum in writing which the statute requires? In the *Berkstresser case,* the title had already passed into the vendor by the mortgage sale, and when the vendee parted with his possession to the vendor, he parted with all he had, and the vendor became legally invested with title and possession alike in the manner provided by law; hence the contract in every sense was fully executed and the question was simply one of sufficiency of consideration.

By the terms of the contract as testified to by the plaintiff the defendant assumed to pay in consideration of the assignment, or sale of the plaintiff's interest in the lease, the plaintiff's share of the rent, to-wit: One

hundred dollars per annum at the end of each succeeding year for four years not to the plaintiff but to the plaintiff's lessor.

In the nature of things this contract could not be performed within one year, nor could the plaintiff have any cause of action against the defendant for the recovery now sought before the expiration of four years. That a contract which can not be performed within one year is not taken out of the statute by part performance we assume to be the law everywhere. · When there has been performance accepted on one side, or which comes to the use of another, recovery may be had everywhere for the consideration received.

If, in the present case, the plaintiff, in addition to the testimony offered, had shown that the defendant continued in the actual use and enjoyment of the land for the residue of the term, the case we think would, under the Missouri decisions, justify a recovery upon the contract. But the plaintiff offered no such evidence. On the contrary the testimony seems to concede that after the first year for which the defendant paid the rent reserved, he abandoned the land and had no actual possession thereof. We can not see how constructive possession can exist without any writing.

It is proper to add that the substantial controversy between the plaintiff and the defendant in this case turns upon the terms of the letting. The defendant contends that as a part and condition of the contract the plaintiff agreed to keep the land fenced and the plaintiff denies that he so agreed.

One of the main reasons, why the statute requires that contracts, not to be performed within a year after the making thereof, should be in writing is, because the recollection of parties as to the terms of such contracts after a long lapse of time is apt to differ. In the sale, assignment, or disposition of any interest in lands, there are usually many conditions touching quality of title,

mode of enjoyment, etc., the proof of which the law has deemed unsafe to commit to the recollection of witnesses as to conversations which may have passed between the contracting parties, which are usually unreliable owing to the interest or bias of the witnesses ; and the present case illustrates the wisdom of the rule requiring written memoranda of such contracts.

The statute says an estate created by livery of seizin or parol shall have the effect of an estate at will only.   Shall we say livery of seizin is part performance and thus abrogate the statute ?   The statute says no lease for a term of years shall be assigned by parol. Shall we uphold such assignment ?   The statute says no action shall be brought to charge any person upon any oral contract for the sale of a lease for a longer time than one year.   Shall we say that an action may be brought and sustained on an oral contract for the sale of a lease for four years, and this although the contract admittedly would not be performed by either party short of four years from the date of its making ? We must decline to do so.

We are of opinion that the contract sued upon was one within the statute of frauds, both as one touching the assignment or sale of a lease for a term exceeding one year, and as one that could not be performed within one year from the making thereof.

As there was no evidence of a full performance under either clause, and performance under the second clause, even under the decisions in this state, was immaterial, we think that the defendant's demurrer to the evidence should have been sustained.   The judgment, in our opinion, should be reversed and the cause remanded.

The result and decision, thus reached, is in strict conformity with the ruling of the supreme court in *Pitcher v. Wilson*, 5 Mo. 46, and *Sharp v. Rhiel*, 55 Mo. 97, but seemingly opposed to the *dicta* in *Winters v. Cherry*, 78 Mo. 344, and *Self v. Cordell*, 45 Mo. 345,

and to the analogies of *Tatum v. Brooker*, 51 Mo. 148. As the case is one involving the construction of the statute of frauds, and raises questions of the gravest importance, we feel warranted, in view of the apparent conflict in the decisions of the supreme court, to certify it to that court for its final decision.

It is ordered that the case be certified to the supreme court. Judge THOMPSON concurs. Judge BIGGS, having been of counsel, does not sit.