NALLY, *Administrator*, v. READING, *Appellant*.

DIVISION ONE.

1. **Contract: STATUTE OF FRAUDS: LEASE.** An oral contract for the assignment or sale of a lessee's interest in a term exceeding one year and which could not be performed within one year from its making is within the statute of frauds.

Nally v. Reading.

2.   ——— : ——— : PART PERFORMANCE. Nor does the fact that the defendant took possession of the land, and paid a portion of the rent to the original lessor, take the contract out of the statute of frauds,

*Certified from St. Louis Court of Appeals.*

AFFIRMED.

*Robinson & Farrell* for appellant.

(1) The contract relied on by plaintiff was void because it was for the assignment of a lease of lands and was not in writing. R. S., sec. 2510. Parol testimony should have been excluded, and the demurrer to the evidence sustained. Taylor on Land. & Ten., sec. 427 ; Browne on Statute of Frauds, secs. 230, 272, 290 ; *Durand v. Curtis,* 57 N. Y. 7 ; *Howard v. Easton,* 7 Johns. 205 ; *Cabot v. Hoskins,* 3 Pick. 83 ; *Pierce v. Pierce,* 28 Vt. 34 ; *Wilson v. Ray,* 13 Ind. 1 ; *Emery v. Smith,* 46 N. H. 151. (2) The court should have refused the plaintiff's instruction. There was no testimony whatever to the effect that defendant would pay Block the amount for which plaintiff was liable, "if plaintiff would turn over to defendant his possession of that portion of the land north of Salt river," and said instruction was without evidence to support it. (3) The doctrine of part performance does not apply to contracts creating and contracts assigning leases. The contract between plaintiff and defendant was simply for assignment of plaintiff's interest in the lease. In the very nature of things the doctrine of part performance does not apply to contracts not to be performed within a year. *Sharp v. Rhiel,* 55 Mo. 97. A promise to pay money, as much as a promise to do any other act after expiration of a year, is within the statutes. Browne, Stat. Frauds, sec. 290. (4) The court erred in permitting plaintiff to testify as to defendant's offer to pay a certain portion

of what plaintiff was liable for if certain other parties would pay the balance. This and plaintiff's proposition to defendant were offers to compromise and incompetent. *Smith v. Shell*, 82 Mo. 220. (5) The court erred in permitting plaintiff, after the close of defendant's testimony, to introduce testimony not proper in rebuttal. There was no pretense' that the failure to introduce this testimony in chief was the result of an oversight or inadvertence. (6) The court erred in permitting plaintiff's attorney to make statements in his arguments to the jury, about which there was no testimony. These statements of said attorney were unquestionably such as to injure defendant.

*Reynolds & Lewis* for respondent.

(1) The appellant contends the contract was void because it was for an assignment of a lease of lands, and was not in writing, and cites section 2510, Revised Statutes. There can be nothing in this point under the state of facts admitted. Appellant was put in possession of the property and paid part of the money; if he did not retain and use the same it was his own fault. "He had the possession and did not enjoy the fruit, because he would not pluck it." The contract was executed and wholly performed on the part of the respondent, and partly performed by the appellant. *Tatum v. Brooks*, 51 Mo. 158; *Hoyle v. Bush*, 14 Mo. App. 408; *Adair v. Adair*, 78 Mo. 633; *Winters v. Cherry*, 78 Mo. 344. The oral testimony was proper, and demurrer to evidence properly overruled. *Russell v. Berkstresser*, 77 Mo. 417. (2) The court could give plaintiff no other instruction, under the testimony, that would have been correct. (3) Suppose the contract was one that could not be performed in a year. It was wholly performed by the respondent when he put appellant in possession of the land according to the contract; and, if he did not use it, "He had had possession, and did not enjoy the fruit because he would not

pluck it." The case of *Winters v. Cherry*, 78 Mo. 344, settles the point against appellant. If the court should hold the contract to be one of leasing, under our statute it would be a tenancy from year to year; having been placed in possession he must give the notice required by law in order to relieve himself. R. S. 1879, sec. 3077; *Withnell v. Pretzold*, 17 Mo. App. 669; *Scully v. Murray*, 34 Mo. 420. ( 4 ) The appellant's counsel contends that the court improperly admitted evidence of a compromise. In the first place it was not an offer of a compromise, but a statement that he would pay a certain sum if other parties would pay the balance. It was made long before the suit; was not and could not be confidential in its nature. The testimony does not show it to have been an offer to compromise anything, and under the issue submitted could have no effect one way or another. 1 Greenl. Ev., sec. 192; *Ferry v. Taylor*, 33 Mo. 323. ( 5 ) The order in which testimony should be introduced is largely within the discretion of the trial court. *Tierney v. Spiva*, 76. Mo. 279.

SHERWOOD, P. J.—This cause has been transferred to this court from the St. Louis court of appeals under the constitutional provision.

The only point presented, the turning point in the case, for consideration is whether such a contract as the pleadings and evidence present is capable of being sold, transferred or assigned by parol; that is, whether one of five parties, lessees of a large tract of land for the term of ten years, can make a valid verbal contract with an outsider, whereby the interest of such party in the lease can be transferred to such outsider for four years, the residue of the term, the latter agreeing to stand in the stead of one the party to the lease, and to pay the same amount he would have had to do to his lessor, to-wit, $100 per year.

VOL. 107—23

Under such a contract, and as contemplated therein, the defendant received and took possession from the party from whom he purchased of a portion of the land, pastured his cattle there for one season and paid to the original lessor the agreed sum for the year of his occupancy; but, having done so, abandoned that occupancy and refused longer to occupy the premises or to pay the residue of the sum agreed upon. On being sued for the residue of such money by the plaintiff, who had to pay such residue of the rent money himself, the defendant, after pleading several matters of defense, interposed, as a further defense, that the contract was not in writing and pleaded the provisions of chapter 35, Revised Statutes, 1879, in support of this plea.

Section 2 of the chapter referred to, it being section 2510, Revised Statutes, 1879, provides: "No leases, estates, interests, either of freehold or term of years, or any uncertain interest of, in, to or out of any messuages, lands, tenements or hereditaments shall at any time hereafter be assigned, granted or surrendered, unless it be by deed or note, in writing, signed by the party so assigning, granting or surrendering the same, or their agents lawfully authorized by writing, or by operation of law."

Section 5 of the same chapter, it being section 2513, declares: "No action shall be brought to charge * * * any person upon * * * any contract for the sale of lands * * * or any lease thereof for a longer time than one year, or upon any agreement that is not to be performed within one year from the making thereof, unless the agreement upon which the action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person by him thereto lawfully authorized."

It seems at first blush that the contract in suit plainly infracts both of the sections above quoted, in that it attempts by parol to assign a lease for a term of years

under section 2510 and to make a sale of a lease by parol under section 2513. And said contract also infracts the latter section inasmuch as the contract is not to be performed, and cannot be performed, according to its terms, within one year from the time of its making. These views are readily seen to be supported by an examination of the following authorities: Browne, Stat. Frauds, secs. 230, 231, 272, 281, 290; Taylor, Land. & Ten., sec. 427; *Durand v. Curtis,* 57 N. Y. 7; *Pierce v. Estate,* 28 Vt. 34. And the fact that defendant took possession under the verbal contract, and made one payment, cuts no figure in this case.

Whatever may be the rule in equity as to the doctrine of part performance, that rule has no place in an action at law, as in the present instance. 3 Pars. on Cont. [7 Ed.] 60; *Sharp v. Rhiel,* 55 Mo. 97. It is unnecessary to review the authorities in this state; that has been well done by ROMBAUER, P. J., in 36 Mo. App. 306. If there are any authorities in conflict with the views here announced, we overrule them. We hold, as did the court of appeals, that the demurrer to the evidence of plaintiff should have been granted. We, therefore, affirm the judgment of the court of appeals and remand this cause to that court for further proceedings. All concur.