S. E. P. SMITH, Respondent, v. C. R. H. DAVIS, Appellant.

**St. Louis Court of Appeals, December 3, 1901.**

1. **Statute of Frauds: CONTRACT: ACTION.** Complete performance by one party to a contract takes the case out of the statute of frauds when the action is at law.

2. ———: ———. And in the case at bar, the contract was fully performed by the grantor by delivering to defendant a deed and putting him in possession of the land.

3. **Statute of Limitations: ASSUMPTION OF MORTGAGE DEBT: MORTGAGOR: MORTGAGEE: COVENANTOR.** When a grantor accepted a deed to himself, reciting that he assumed and agreed to pay the mortgage debt on the land, he became bound as a covenantor to discharge the mortgage debt, stepped into the·shoes of the mortgagee as to that debt, became the principal debtor, and the mortgagee was thereafter bound to recognize him as such, and to respect the rights of the original mortgagor as his surety—in any subsequent dealings with relation to the indebtedness.

4. ———. And the ten-year and not the five-year statute of limitation applies to the case.

Appeal from St. Louis City Circuit Court.—*Hon. James E. Withrow,* Judge.

AFFIRMED.

*Chas. W. Bates* and *Charles & Lackey* for appellant.

(1) On appeal, the whole record is before the court for review; and the appellate court will not sustain the order granting plaintiff a new trial, though errors may have been committed by the trial court, when it appears from the whole record that he can not recover on a retrial of the case.

(2) A contract partly written and partly oral is an oral contract. Miller v. Banking Co., 53 Mo. App. 433; Ringer v. Holtzclaw, 112 Mo. 519; Rooker v. Harrington, 52 Mo. App. 481; Weil v. Willard, 55 Mo. App. 376. (3) A written proposition from one party and an oral acceptance by another constitutes an oral contract. Vanstone v. Hopkins, 49 Mo. App. 391. (4) To satisfy the statute of frauds a contract must all be in writing, and not require oral evidence. Ringer v. Holtzclaw, supra; Boyd v. Paul, 125 Mo. 14; Harper v. Eubank, 32 Mo. App. 258. (5) The assumption of the payment of the debt by acceptance of the deed, not signed by the grantee, and reciting that the grantee will pay the debt, is a parol assumption of the debt and not a written contract to pay. Nally v. Reading, 107 Mo. 350; s. c., 36 Mo. App. 306; Willard v. Wood, 164 U. S. 518; Curtis v. Sage, 25 Ill. App. 22; Walker v. Johnson, 96 U. S. 427; Brown on Statute of Frauds (5 Ed.), p. 385.

*Jos. W. Folk and Beardsley & Gregory for* respondent.

(1) This is an appeal from the order of the circuit court granting plaintiff a new trial on account of erroneous instructions given for the defendant. If any one of the instructions was erroneous, the order granting a new trial will be sustained. On appeal from a judgment of the trial court sustaining a motion for a new trial on account of erroneous instructions, if the appellate court finds that any of the instructions given were erroneous, the judgment must be affirmed. Bank v. Armstrong, 92 Mo. 265; Hewitt v. Steele, 118 Mo. 463; Ensor v. Smith, 57 Mo. App. 584; Itter v. Hughes, 133 Mo. 679. (2) The holder of a note secured by a deed of trust may maintain an action against the grantee of the equity of redemption, who has by the terms of the deed to him assumed to pay the note, though the deed is not

executed by said grantee.  Fitzgerald v. Barker, 70 Mo. 685; Heim v. Vogel, 69 Mo. 529; McAdinis v. King, 10 Mo. App. 578.  (3)  The statute of frauds as to contracts not to be performed within one year is no defense to such action, even though the note does not become due for more than one year after the contract of assumption, if the property is delivered, and the deed accepted by the grantee.  Blanton v. Knox, 3 Mo. 342; Hoyle v. Bush, 14 Mo. App. 410; Suggett v. Cason, 26 Mo. 224; Smock v. Smock, 37 Mo. App. 56; Self v. Cordell, 45 Mo. 345; Winters v. Cherry, 78 Mo. 344.

GOODE, J.—On the twenty-seventh day of August, 1889, A. C. Jobes and wife conveyed by warranty deed a tract of land in Harper county, Kansas, to defendant C. R. H. Davis.  Shortly prior to that date said Jobes had bought the land from Sylvester Burdick.  It was then subject to a mortgage to secure a promissory note for two thousand dollars, dated the second day of August, 1886, made by Burdick and his wife to the Farmers Loan & Trust Company.  Jobes assumed the payment of that debt as part of the consideration to Burdick for the land, and when he sold to Davis the latter also assumed it as part of the consideration he was to pay, and the deed from Jobes to him so recites.  The entire consideration of the conveyance by Jobes to Davis was a tract of land in Gibson Heights, in St. Louis, which Davis conveyed to Jobes and the assumption of the two thousand dollar note secured by mortgage on the Kansas land.  Jobes' warranty deed to Davis contains this covenant:

"And the said A. C. Jobes and Florence C. Jobes do hereby covenant and agree that at the delivery hereof they are the lawful owners of the premises above granted, and seized of a good and indefeasible estate of inheritance therein free and clear of all incumbrances, except one note and mort-

gage in favor of the Farmers Loan & Trust Company for two thousand dollars with interest at seven per cent per annum, which C. R. H. Davis hereby assumes and agrees to pay, and that they will warrant and defend the same in the quiet and peaceable possession of the said party of the second part, his heirs and assigns forever against all persons lawfully claiming the same."

The note and mortgage afterwards became the property of the plaintiff. She instituted a suit to foreclose the mortgage in the district court of Harper county, Kansas, against Burdick and wife, C. R. H. Davis, and several other defendants. That suit resulted in a judgment of foreclosure on the twenty-third day of March, 1894, and a personal judgment against the appellant Davis, Burdick and wife, and Jobes, for two thousand six-hundred and sixty-two dollars and sixty-five cents, to bear ten per cent interest from the date of its rendition.

The land was afterwards sold under the decree for five hundred dollars, leaving a balance of two thousand one hundred and sixty-two dollars and sixty-five cents unpaid.

Thereafter, plaintiff instituted an action in the circuit court of the city of St. Louis against the defendant. Her petition is in two counts. The first sets out the assumption of the debt by defendant, the decree of foreclosure in the district court of Harper county, Kansas, the sale of the land for five hundred dollars. the balance remaining due on the debts and prays judgment for said balance.

The second count makes the same allegations as the first, together with an allegation of the personal judgment rendered against Davis in said suit in the district court of Harper county, Kansas, praying judgment against him for the balance due on it.

Defendant's answer sets up several defenses to the first count, of which we need only state the following: the five-

year statute of limitations, and the statute of frauds as a bar, on the ground that the promise sued on was not to be performed within one year and there was no memorandum of it in writing signed by the defendant.

The defense to the second count that should be stated is, that no process was ever served on defendant in the Kansas foreclosure suit, nor did he appear thereto, either in person or by attorney, nor authorize any one else to appear for him.

There was evidence tending to prove defendant filed an answer in the said foreclosure suit in the district court of Harper county, Kansas, by an attorney, whom he authorized to act for him; and there was likewise evidence to the contrary. There was slight evidence tending to prove the debt had been paid to plaintiff; but the verdict and judgment of the circuit court make it unnecessary to notice the other defenses set up, besides those stated.

The case was tried by the court without a jury. The following declarations of law were given for the defendant:

"1. The court declares the law to be that the statute of frauds is a bar to recovery on the first count, and the finding should be for the defendant on the first count.

"2. If the court finds from the evidence that defendant Davis did not appear in person to the suit in Kansas which resulted in the judgment read in evidence, by taking any action in said proceedings in said court, or by filing any answer or other pleading therein, or authorize anyone to so appear for him the finding should be for the defendant on the second count.

"3. The court declares the law to be that if the court, sitting as a jury, finds from the evidence that the note or debt mentioned in the evidence, and which was evidenced by the note of $2,000, was paid, settled or satisfied after the rendition of the alleged judgment, a transcript of which was of-

fered in evidence by defendant, and before the bringing of this suit, the finding and judgment should be for the defendant on both counts."

And this one was refused:

"4. The court declares the law to be that the five-year statute of limitation is a bar to the first count, and the finding should be for the defendant on the first count."

Thereupon judgment was entered for defendant on both counts.

Afterwards, a motion for a new trial was filed by the plaintiff, stating several grounds. This motion was sustained and a new trial granted. The order sustaining it recited that it was done because the court had given erroneous declarations of law.

No declarations were given except those for the defendant; so the new trial must have been granted because the court thought it had erred in those declarations.

This appeal was taken from the order sustaining the motion for a new trial.

It is apparent the court committed error in giving the first declaration of law above quoted. The statute of frauds was no bar to the plaintiff's recovery on the first count of the petition. The contract was fully performed by the grantor, Jobes, by delivering to defendant a deed and putting him in possession of the land. This point was determined by our Supreme Court in the case of Nelson v. Brown, 140 Mo. 580. It has always been ruled that complete performance by one party to a contract takes the case out of the statute of frauds, in a legal action, and the decision on which appellant chiefly relies is not different. Johnson v. Reading, 36 Mo. App. 306; Nally v. Reading, 107 Mo. 350. That case holds, in harmony with the well-settled doctrine, that part performance is insufficient to take the case out of the statute when the action is at law, but full performance is sufficient. Win-

ters v. Cherry, 78 Mo. 344. Full performance by Jobes was clearly shown.

Neither was the five-year statute of limitations a bar to her recovery on that count. When defendant accepted Jobes' deed to himself, reciting that he assumed and agreed to pay the mortgage debt on the land, he became bound as a covenantor to discharge the mortgage debt, stepped into the shoes of the mortgagor as to that debt, became the principal debtor, and the mortgagee was thereafter bound to recognize him as such and to respect the rights of the original mortgagor as his surety in any subsequent dealings with relation to the indebtedness. Nelson v. Brown, supra; Pratt v. Conway, 148 Mo. 291; Bowen v. Beck, 94 N. Y. 86.

The ten-year and not the five-year statute of limitation applies in a case like this. Bowen v. Beck, 94 N. Y., supra.

The court properly sustained respondent's motion for a new trial, and that ruling is affirmed. *Bland, P. J.*, concurs; *Barclay, J.*, not sitting.