SAMUEL KELLER, Respondent, v. MAYER FERTIL-IZER COMPANY, Appellant.

St. Louis Court of Appeals, November 29, 1910.

1. STATUTE OF FRAUDS: Sales: Agreement to Be Performed in One Year. To remove a contract from the operation of the Statute of Frauds (section 2783, Revised Statutes 1909), it must be one that may be fully performed within a year.

2. ———: ———: ———: Postponement of Performance: Facts Stated. The computation of time, in ascertaining whether a contract will be performed in one year, begins from the making of the contract, and not from the date stipulated for performance to begin; and hence a verbal contract entered into November 21, 1907, which provided for the sale and delivery of all of certain material which the seller might accumulate during the year commencing November 22, 1907 and ending November 21, 1908, was a contract not to be performed within a year and was within the Statute of Frauds (section 2783, Revised Statutes 1909).

3. ———: ———: ———: ———: Possibility of Performance Within Year. A verbal contract which requires certain conduct with respect to the subject-matter for a period beyond a

year is within the Statute of Frauds, although there may be a possibility of full performance of the contract within a year.

4. ———: ———: ———: **Contract Defeated Within Year.** A verbal contract expressly providing that it shall not be performed within a · year is within the Statute of Frauds, notwithstanding it may be defeated by the happening of a contingency within• a year, for, in such case, the parties having agreed that performance shall be postponed beyond a year, no contingency happening within a year can amount to performance according to the intention so expressed.

5. ———: ———: ———: **Purely Personal Contract: Indefinite Duration.** Where a verbal contract is purely personal, so that it imposes no obligation upon the personal representatives, and is furthermore indefinite in point of time, the authorities declare it is not within the Statute of Frauds, for the reason the death of the parties, which may occur within a year, operates its full performance.

6. ———: ———: ———: ———: **Definite Duration.** A verbal contract which is purely personal and imposes no obligation upon the personal representatives but which expressly creates an obligation for a definite time of more than one year is within the Statute of Frauds.

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Grimm,* Judge.

AFFIRMED.

*Louis Mayer* and *S. C. Rogers* for appellant

The court erred in ruling that the contract alleged by appellant to have been entered into was within the purview of the Statute of Frauds, and not being in writing could not be enforced. Jordan v. Railroad, 92 Mo. App. 84; R. S. 1899, sec. 4160; R. S. 1899, sec. 3418; Wynn v. Followill, 98 Mo. App: 465; Suggett's Admx. v. Cason's Admr., 26 Mo. 225; Foster v. O'Blenis, 18 Mo. 91; Harrington v. Railroad, 60 Mo. App. 230; Biest v. Shoe Co., 97 Mo. App. 149; Railway v. Wood, 88 Tex. 191; Seddon v. Rosenbaum, 85 Va. 928; Roberts v. Rockbottom (Mass.), 7 Metc. 46; Roberts v. Summit Park Co., 72 Hun. 458, 25 N. Y. Supp. 297; Dickson v. Frisbee, 52 Ala. 165.

*M. T. Farrow* for respondent.

(1) The alleged agreement being within, and not executed with the formalities prescribed by, the Statute of Frauds, was not and could not be rendered enforcible by contract, oral admissions, or a re-statement of the terms thereof, after the date of the alleged making thereof. Blanton v. Knox, 3 Mo. 343; Sharp v. Rhiel, 55 Mo. 97; Berrien v. Southack, 7 N. Y. Supp. 324; Snelling v. Lord Huntingfield, 1 Cromp. M. & R. 20; Chase v. Hinckley, 105 N. W. 231; Odell v. Webendorfer, 64 N. Y. Supp. 451; Haslam v. Barge, 96 N. W. 245; Goldberg v. Cohen, 110 N. Y. S. 185; Davis v. Life Ins. Co., 86 N. W. 1021; Comes v. Lamson, 16 Conn. 246; Spencer v. Halstead, 1 Denio 606; Turnow v. Hochstadter, 7 Hun 80. (2) An oral agreement to put into writing a contract that will require more than a year for performance is within the statute, and no action will lie for its non-performance. Browne, Stat. Frauds (4 Ed.), 341, par. 284, and cases cited; Amburger v. Marvin, 4 E. D. Smith (N. Y.) 393; McLachlin v. Whitehall, 99 N. Y. S. 721; Harrell v. Sonnabend, 191 Mass. 310; Dovenmuehle v. Ellenberger, 70 Ill. App. 180; McKinley v. Lloyd, 128 Fed. 519.

NORTONI, J.—This is a suit on an account, which is conceded to be correct; but defendant's answer contained a counterclaim for damages alleged to have accrued to it through the breach of a contract to deliver other goods or material. The Statute of Frauds was interposed against the right of recovery on the contract declared upon in the counterclaim, and at the conclusion of all the evidence, the court peremptorily directed a verdict against defendant, both on the account and the counterclaim. From this ruling defendant prosecutes the appeal.

Defendant is an incorporated company engaged in the rendering business and as such is a purchaser of

fat, refuse and offal matter. It appears plaintiff is engaged in the business of accumulating such fat, refuse and offal matter from the butchers and selling it to those who render it into tallow, lard, etc. Plaintiff delivered a considerable quantity of such matter to defendant under a verbal contract with it, and this suit seeks a recovery therefor, on account of such deliveries. Defendant concedes having received fats, etc., mentioned and that the amount sued for on account is correct, but says it received the fat, refuse, etc., under a contract with plaintiff, whereby plaintiff agreed to deliver all of such material which he might accumulate or have during the year commencing November 22, 1907, and ending with November 21, 1908. It is averred that plaintiff breached the contract by his refusal to perform the same in accordance with its terms and occasioned a considerable loss to defendant for which loss a recovery of damages is sought against him. Though a contract was drawn up, it is conceded in the case that it was never signed by plaintiff and the evidence is conclusive to the effect that the agreement was verbal only. Defendant's principal officer and agent, with whom all of the negotiations were had, testified, and the case concedes, that the verbal contract relied upon as the basis of the counterclaim was entered into between the two parties not later than November 21, 1907, to take effect on the following day, November 22. It appears the parties negotiated several days before November 21 and finally entered into the verbal contract whereby plaintiff was to deliver the material to defendant for the period of one year, from November 22, 1907, until November 21, 1908, at certain stipulated prices and on terms of settlement unnecessary to set forth.

It is argued for defendant the court erred in directing a verdict against it on this uncontroverted proof, for the reason, though the contract was verbal and entered into November 21, 1907, it was not to take effect until the following day, November 22, and a computa-

tion from that day until November 21, 1908 removed the matter from the operation of the Statute of Frauds, as it could be fully performed within one year. Our Statute of Frauds (sec. 2783, R. S. 1909, sec. 3418, An. St., 1906) provides that no action shall be brought to charge any person upon an agreement that is not to be performed within one year from the making thereof unless the agreement upon which the action shall be brought or some memorandum or note thereof shall be in writing and signed by the party to be charged therewith, or by some other person by him thereto lawfully authorized.

Ordinarily, to remove a contract, such as this one, from the operation of the clause of the statute referred to, it must be one that may be fully performed within one year. The performance required by the statute is full performance. The contract in such circumstances must be capable of entire and complete execution within the year. [Sharp v. Rhiel, 55 Mo. 97; Browne on Statute of Frauds (5 Ed.), sec. 285.] This being true, the term or time of the contract is to be computed from the day it is made and not from a future date which may be stipulated therein as the time performance shall commence. As it is conceded the verbal contract was entered into November 21st, stipulating performance to commence November 22, 1907, and to continue for the period of a year until November 21, 1908, the court properly declared the law on this feature of the case to the effect no action could be maintained thereon. Such a contract is for a year and one day beyond question. This is true notwithstanding the stipulation that performance should commence on November 22d, for the statute operates on the contract from the time it was entered into and not from a future date, though such may be agreed upon. [Biest v. Versteeg Shoe Co., 97 Mo. App. 137, 149, 70 S. W. 1081; Sharp v. Rhiel, 55 Mo. 97.] Indeed the statute in plain terms, when invoked, inhib-

its a recovery on contracts not to be performed within one year from the *making thereof*.

In construing the clause of the Statute of Frauds now under consideration, the courts have drawn nice distinctions with respect to contracts which fall within and without its influence. Some of the cases would seem to entirely overlook the highly remedial purpose of the statute. There is abundant authority to the effect that some parol contracts, although expressly allowing more than a year for performance, are without the statute if the agreement may be substantially and reasonbly performed according to the understanding and intention of the parties within a year. [Browne on Statute of Frauds (5 Ed.), sec. 278.] It is argued the contract before us should be deemed to be such, for the reason that though it stipulated more than a year for performance, it was possible for plaintiff to fully perform his undertaking within less than a year from the date it was made. The undertaking of plaintiff was to deliver to defendant, at certain prices, all of the fat and refuse which he might accumulate or have until November 21, 1908. It is said as plaintiff might not accumulate or have refuse matter during the latter part of this period, the contract was susceptible of full performance within less than a year and for this reason should be declared one falling without the influence of the statute. The contract, of course, imposed reciprocal obligations and while it was for plaintiff to deliver the material to defendant if he accumulated or had it during the entire period, it required defendant to accept such deliveries at the prices and on the terms named to and including the last day of the time stipulated. The parties are free to contract, and the rule is, that though there be a possibility of full performance in less than a year, nevertheless, if it *requires* certain conduct with respect to the subject-matter for a period beyond a year, however short, the statute finds application. Where the manifest intent of the parties, as gathered from the

words used and the circumstances existing at the time, is that the contract shall not be executed within a year, the mere fact that it is possible the thing may be done within the year will not prevent the statute from applying, says Mr. Browne on the statute (5 Ed.), section 281. [See, also, secs. 279, 280, 281.] Indeed, the rule is well nigh universal to the effect that where the contract in terms calls for the doing of a thing during or after a definite period of more than one year from the making of the agreement the statute obtains. [Browne on the Statute of Frauds (5 Ed.), sec. 282.] In accord with this rule, the Supreme Court of the United States declared in Washington, etc., Steam Packet Co. v. Sickles (5 Wall. U. S. 580), 72 U. S. 580, that though a contract might possibly have been fully performed or terminated within a year by the loss or destruction of a certain boat, it nevertheless was within the Statute of Frauds, notwithstanding the possibility suggested, for it obviously stipulated a period of time beyond the year, which conclusively evinced such to have been within the contemplation of the parties.

This court, in Biest v. Versteeg Shoe Co., 97 Mo. App. 137, 70 S. W. 1081, declared a contract of employment of more than one year to be within the statute notwithstanding one or both of the parties had the express option of terminating the same by notice to the other before the year elapsed and thus operating its full performance. [See, also, to the same effect Meyer v. Roberts, 46 Ark. 80; Wilson v. Ray, 13 Ind. 1. And touching the same principle, see McKeaney v. Black, 117 Cal. 587.] According to principle and by the weight of both authority and reason, a contract expressly providing for performance to a definite time beyond a year from the making thereof is within the statute, notwithstanding it may be defeated by the happening of a contingency, for in such case, the parties having expressed that the performance shall be postponed beyond a year, it is clear that no contingency happening within a year can amount

to performance in accord with the intention so expressed. [29 Am. and Eng. Ency. Law (2 Ed.), 945.] Though it were possible for plaintiff to perform the undertaking in less than a year from its date because of his inability to accumulate or have the material for delivery, the contract was nevertheless one within the Statute of Frauds for the reason that it purported an obligation which required defendant to accept a delivery made on the very last day and required plaintiff as well to make the delivery if he either accumulated or had any of the material referred to.

It is next argued that as the contract is personal in so far as plaintiff is concerned and does not require performance by his representatives after death, it is without the statute for the reason it might have been fully performed by the death of the plaintiff within the year. When a contract is purely personal, so that it imposes no obligation upon the representatives, and is furthermore indefinite in point of time, the authorities declare it is not within the statute, for the reason the death of the parties, which may occur within the year, operates its full performance. [See Browne on the Statute of Frauds (5 Ed.), sec. 277; Foster v. McO'Blenis, 18 Mo. 88.] But the rule of decision referred to is without influence in those cases where the contract expressly creates an obligation for a definite time of more than one year, such as this one. In such circumstances, it is immaterial that the death of the party which may occur within the year operates performance of the contract in view of its personal nature entailing no obligation upon the representatives, for it must be understood that all persons contemplate a human life may terminate at any time and therefore, as the parties, with this in mind, have expressly postponed the full performance of the contract to a time beyond a year from its date, the statute obtains, if invoked at the trial. [See Browne on the Statute of Frauds (5 Ed.), sec. 282a; Biest v. Versteeg Shoe Co., 97 Mo. App. 137, 153,

154, 70 S. W. 1081; 29 Am. and Eng. Ency. Law (2 Ed.) 945.]

The parties, who were free to contract, having by express words voluntarily postponed the performance for more than one year, the contract falls within the operation of the statute, notwithstanding the contingency of the death of either before the expiration of a year, for such was essentially within their contemplation at the time. We believe the statute should be upheld and given effect as was done by the trial court rather than frittered away. The court very properly directed a verdict on the grounds of the statute, and the judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.