## CUNNINGHAM et al. v. ROUSH, Appellant.

### Division Two, June 26, 1900.

1. **Lease: LETTER: NO TERMS STATED.** A letter promising the party to whom it is addressed that, if he will move onto the writer's farm, he may have it for five years, and may be longer, is insufficient as a lease for a term of years.

2. ————: **PAROL PROOF: TENANCY FROM YEAR TO YEAR: EJECTMENT WITHOUT NOTICE.** Proof of verbal declarations by decedent before and after defendant had moved onto his farm that he had let defendant have the farm for five years, and that he was to have half the stock and half the crops, is sufficient to show a tenancy from year to year, which can only be terminated by notice to quit.

3. ————: **PLEADING: GENERAL DENIAL: WHEN SUFFICIENT.** Where plaintiffs in ejectment have no cause of action, defendant may show, under general denial, that he is rightfully in possession as tenant.

Appeal from Linn Circuit Court.—*Hon. W. W. Rucker,*
Judge.

REVERSED AND REMANDED.

*A. W. Mullins* for appellant.

The evidence conclusively shows that the defendant, at
the instance of Jacob Cunningham, now deceased, and under
and from whom the plaintiffs claim, sold his property in Col-
orado and moved with his family to said Cunningham's and
took charge and possession of the farm in question under an
arrangement and agreement with said Cunningham to occupy
and use the same for at least a term of five years.   This term
began in the spring of the year 1893.   When the action was
instituted, April 27, 1895, three years of the term were yet
to run, if the proof establishes a valid lease for the five
years.   But if the letter in evidence is insufficient, of itself,
and the contract is made out by the parol evidence supple-
menting the written evidence, then the effect was to create a
tenancy from year to year.   Kerr v. Clark, 19 Mo. 132;
Ridgley v. Stillwell, 28 Mo. 400; Wood's Landlord and
Tenant, p. 5, note 1.   And such tenancy can only be ter-
minated by notice to quit.   Hosli v. Yokel, 58 Mo. App. 169.
No notice to the defendant to terminate the tenancy having
been shown ejectment will not lie, and therefore defendant's
declaration of law should have been given by the court and
judgment rendered for the defendant. Tarlotting v. Bokern,
95 Mo. 541; Bradley v. Covel, 4 Cow., N. Y. 349.

*G. R. Balthrope, E. R. Stephens* and *Chas. A. Loomis*
for respondents.

(1) In the lower court the defendant Roush claimed to
be the owner of the property together with his wife Cora.

He can not now claim that he was not the owner, but was a tenant of the plaintiff or the plaintiff's grantor, Jacob Cunningham, deceased. The appellants can not be permitted to take one position in the lower court, and an absolutely inconsistent one in this court. Lilly v. Menke, 143 Mo. 137; O'Rourke v. Street Railway, 142 Mo. 342; Hall v. Goodnight, 138 Mo. 576; Meyer v. Folding Chair Co., 130 Mo. 188; Hardwood v. Toms, 130 Mo. 225; Bensieck v. Cook, 110 Mo. 182; Green v. St. Louis, 106 Mo. 458; Knopp v. Kelsey, 102 Mo. 298; McClanahan v. Wes, 100 Mo. 309; Smiley v. Cockrell, 92 Mo. 112. (2) This court can not hold the defendant the tenant of Jacob Cunningham, deceased, without all the facts before it. Zweigardt v. Birdseye, 57 Mo. App. 462; Sleet v. Gilmore, 28 Mo. App. 655. (3) The defendant did not claim or plead in the lower court, that he was a tenant. (4) There were no instructions or declarations of law asked by appellants or given by the court to show upon what theory the court tried the cause, and there is nothing here for review. Nor did the court make any finding under the facts, under section 2135, R. S. 1889. In actions at law, although tried by the court sitting as a jury, the Supreme Court will not weigh the evidence and determine whether or not the finding of the trial court was correct, where no declarations of law were asked. Dobyns v. Bay State Ben. Ass'n, 144 Mo. 95; Bethune v. Railroad, 139 Mo. 574; Suddarth v. Robertson, 118 Mo. 286; State v. Richardson, 117 Mo. 586; Bray v. Kremp, 113 Mo. 552; Henry v. Railroad, 109 Mo. 488; O'Connell v. Street Railway, 106 Mo. 482; State v. Hert, 89 Mo. 590; Garrett v. Conklin, 52 Mo. App. 654; Kehoe v. Phillippi, 42 Mo. App. 292.

SHERWOOD, J.—Ejectment for the south half of the northeast quarter of section 27, and the south half of the northwest quarter (except 10 acres off the west end of latter

tract), all in township 58, range 22.  Petition in usual form, and Alonzo Roush the sole defendant.

The answer of defendant is the following:  "Comes now the said defendant and for his answer to plaintiffs' petition says that it is true that defendant, with his wife, Cora A. Roush, was and is in possession of the land and premises described in said petition, but avers that such possession was and is rightful and lawful.

"Further answering defendant denies each and every allegation in said petition contained, not above admitted to be true.

"Defendant further states that Edward Cunningham, one of the heirs of Jacob Cunningham, deceased, has not been made a party plaintiff and that he is a minor under the age of twenty-one years; and that the plaintiffs claim title and the right to recover as heirs at law of Jacob Cunningham, deceased."

Cause tried before court, June term, 1895.  Petition alleged plaintiffs entitled to possession on third day of March, 1895, and ouster occurred on next day thereafter.  Admitted by defendant that Jacob Cunningham died seized and possessed of an absolute title in fee simple of, in and to the land in question, and that the deceased had no child or children or descendant of any child living at the time of his death, and that the plaintiffs are all his brothers and sisters and nephews and nieces living.  Testimony was also introduced as to value of rents and profits.

Evidence was introduced on the part of defendant showing a letter of date November 6, 1892, by Jacob Cunningham to defendant and his wife, Cora, in which he stated that if defendant (who it seems lived in Colorado) would move on the land or farm in question, he would let defendant have it "for five years and may be longer."  This letter does not state upon what terms the place was to be let to defendant. There was other evidence to the effect that in January or

February, 1893, Jacob Cunningham stated that he was going to let defendant "run the farm, and he would stay with them;" that he, Cunningham, "had rented his place to Mr. Roush (defendant) for five years, and they were coming out in the spring or right off;" that "he (defendant) was to have one-half of the income of the property (that is the stock) and crops growing on the farm," etc. Defendant was to move in from Colorado in March, 1893. At any rate, he had moved and was on the farm, in May, 1893.

To another witness, Jacob Cunningham stated he had let defendant have the farm for five years; and to still another witness, Jacob Cunningham, stated he had let defendant have the farm for five years, and the latter was to get half. This was in 1893, it seems, and defendant had then moved on the farm. This was in substance, all the evidence.

At the June term, 1895, of court, the cause was by the court taken under advisement and continued until the next regular term thereof. At the December term, 1895, of court, cause was by the court continued under advisement until the next regular term of said court. At the June term, 1896, of court, the cause came on for further consideration by the court, and thereupon the defendant moved the court to declare the law that upon the evidence the plaintiffs were not entitled to recover; which the court refused, and to which action of the court in refusing to so declare the law the defendant then and there excepted at the time. The court then at same term of court, to-wit, June term, 1896, found for the plaintiffs against said defendant, Alonzo Roush, that they are entitled to the possession of the land and premises sued for.

The above facts are taken from the original bill of exceptions now before us which we have sent for in order to ascertain some matters in dispute between counsel. This original bill of exceptions shows, as above stated, that there

*was a declaration of law asked by defendant,* something which counsel of plaintiffs has *denied* and *twice repeated* that denial in their briefs.    There is *no foundation or excuse* for such an assertion.

And there is nothing in the bill of exceptions to show that Cora, wife of defendant, ever had an answer filed in the cause, or ever had a trial or hearing on the issue raised by such answer, or that she ever withdrew such answer; nor does the record show any such answer, nor does the bill of exceptions show that any trial occurred except on the issues raised by the answer of the sole defendant Alonzo Roush.

The declaration of law in the nature of a demurrer to the evidence, asked by defendant, should have been given for these reasons:    Although the letter already referred to, was insufficient under the statute of frauds, because of lacking the statement of the terms on which the farm was to be leased to Alonzo Roush, and could not be pieced out by parol additions (Boyd v. Paul, 125 Mo. 9 and cases cited), yet, notwithstanding this, the verbal testimony was sufficient to show a good parol lease, and its terms, and such lease would operate as a tenancy from year to year (Kerr v. Clark, 19 Mo. 132; Ridgley v. Stillwell, 28 Mo. 400), and such tenancy could not be terminated except by notice to quit (Tarlotting v. Bokern, 95 Mo. 541).

The term of the tenancy of Alonzo Roush being thus valid for the term of five years, would take effect when he took possession in the spring of 1893, and of course last until the spring of 1898; so that, plaintiffs were not entitled to the possession of the premises at the time they brought suit.

And the testimony adduced of a parol lease for five years was entirely competent to support the general denials of the answer.    It was not necessary for defendant to *plead that he was a tenant;* the rule being that:    "Where a cause of action which once existed has been determined by some

matter which subsequently transpired, such new matter must, to comply with the statute, be specially pleaded; but where the cause of action never existed, the appropriate defense under the law is a denial of the material allegations of the petition; and such facts as tend to disprove the controverted allegations are pertinent to the issue." [Greenway v. James, 34 Mo. 328, per DRYDEN, J.]

Here, the right of action in plaintiffs "never existed," and consequently, the fact of an existing tenancy on the part of defendant, did not need to be specifically pleaded.

For these reasons, judgment reversed and cause remanded.

All concur.