KROEGER, Appellant, v. BOHRER, Respondent.

St. Louis Court of Appeals, December 12, 1906.

1. LANDLORD AND TENANT: Tenancy at Will: Tenancy from Year to Year. A parol lease of premises for two certain years and until the landlord should want possession was, under the Statute of Frauds, section 3414, R. S. 1899, a tenancy at will, and such a lease of farm lands is construed to be a tenancy from year to year.

2. ——: ——: Notice to Quit. Section 4110, R. S. 1899, requiring thirty days' notice to terminate a tenancy at will, applies to premises in cities, towns and villages, and section

4109, requiring sixty days' notice to terminate tenancy at will applies to lands devoted to agricultural purposes.

3. ———: ———: **Farm Lands.** Where five or six acres with house, barn and outbuildings situated in the city of St. Louis, was rented by parol agreement for the purpose of agriculture, for two certain years' and further indefinite period, the premises was a farm, and the tenancy from year to year requiring sixty days' notice to quit under section 4109.

Appeal from St. Louis City Circuit Court.—*Hon. Warwick Hough,* Judge.

AFFIRMED.

*Wm. McNamee* for respondent.

ᴌA parol lease for a term of years creates a tenancy from year to year. Kerr v. Clark, 19 Mo. page 132; Ridgely v. Stilwell, 28 Mo. 403; Ridgely v. Stilwell, 25 Mo. 571; Delaney v. Flannigan, 41 Mo. App. 656; Hosli v. Yokel, 58 Mo. App. 169; Tiefenbrum v. Tiefenbrum, 65 Mo. App. 253; Scully v. Murray, 34 Mo. 420. Either party may terminate a tenancy from year to year by giving notice, in writing, of his intention to terminate the same, not less than sixty days next before the end of the year. R. S. 1899, sec. 4109; Ridgely v. Stilwell, 25 Mo. 571; Delaney v. Flannigan, 41 Mo. App. 656.

BLAND, P. J.—Action for unlawful detainer. The evidence shows that late in February, 1903, plaintiff rented to the defendant a lot or parcel of land, containing between five and six acres, situated within the corporate limits of the city of St. Louis; that there is a dwelling-house, stable and outhouses on the land. The letting was by a verbal contract. The terms were as follows: That for the ten months of the year 1903, that is, from March first to December thirty-first, the defendant was to pay, as rent for the premises, one hundred and eighty dollars, and for every year thereafter he should

occupy the premises he should pay one hundred and eighty-dollars as rent. The contract was that the defendant was to have the premises until plaintiff should want possession, either for the purpose of improving them or until he might sell them, and that the defendant should keep the ground well manured. Defendant went into possession, cultivated the ground and paid the rent for the years 1903 and 1904. On November 7, 1904, plaintiff served written notice on defendant to terminate the tenancy and demanded possession of the premises on or before January 1, 1905. Defendant refused to surrender the possession, hence this suit.

On his own evidence, plaintiff was forced to take a nonsuit, which he moved to set aside. The motion was overruled and he appealed.

The parol lease was not for one year nor for a definite term of years. It was for the years 1903 and 1904 certain and, in the language of the plaintiff, "for five, ten years," and until he should want possession to improve the premises or to deliver them to a buyer in the event he should make a sale. The lease, therefore, was from year to year and the defendant was a tenant at will by the Statute of Frauds (section 3414, R. S. 1899) but in fact a tenant from year to year by construction of the courts. [Clayton v. Blakey, 8 Durnford & East 3; Kerr v. Clark, 19 Mo. 132; Ridgley v. Stillwell, 28 Mo. 400; Scully v. Murray, 34 Mo. 420; Hoover, Rhodes & Co. v. The Pacific Oil Co., 41 Mo. App. 316; Tiefenbrun v. Tiefenbrun, 65 Mo. App. 253.] To terminate this tenancy sixty days' notice was required (sec. 4109, R. S. 1899) unless the demised premises are such as are described in section 4110, R. S. 1899. Section 4109 has been on our statute books for many years. Section 4110 was enacted in 1869. It does not impinge on section 4109 in respect to verbal leases of farms and lands devoted to agricultural purposes but applies solely to verbal leases of stores, shops, houses, tenements or other buildings for a term of years, in cities, towns or villages so that we

have two rules in respect to verbal leases for a term of years, declared by the statute of frauds to be tenancies at will only, one applicable to agricultural lands, created by construction of the courts, to terminate which sixty days' notice must be given next before the end of any year; the other applicable to stores, etc., in cities, towns or villages, declared by section 4110 to be tenancies from month to month which may be terminated by giving thirty days' notice.

The question in the case is to determine to which class of tenancies the premises in controversy belong; if classed as agricultural lands, the notice to quit was insufficient and the judgment should be affirmed; if classed as houses within a city, the notice was sufficient and the judgment should be reversed. The premises are in a city and upon them is situated a dwelling house, stable and other outhouses, such buildings as are frequently found upon a city or town lot and are common to both town and farm tenements. If the use of the premises had been confined to these buildings it would be manifest that the tenancy would come within section 4110, but there are between five and six acres of agricultural lands devoted to agricultural purposes, and plaintiff's motive—as stated in his evidence—for giving notice to terminate the tenancy was the failure of the defendant to properly manure the land, and it is shown that the land was cultivated as a truck farm.

Wood on Landlord and Tenant (2 Ed.), vol. 1, sec. 21, says: "It (a tenancy from year to year) is, strictly speaking, the offspring of a tenancy at will, and had its origin in the strong desire of the courts to protect tenants at will against being deprived of the crops sown, by the arbitrary termination of their estates, or, in other words, from the determination of the courts to uphold the just and equitable policy of allowing a tenant 'who sows, to reap.' "

With this just and equitable policy in view the Legislature, when it enacted section 4110, omitted from

the section farms and lands devoted to agricultural purposes and that there might be no misapprehension as to its purpose specifically named the tenements to which the section is applicable, that is, "stores, shops, houses, tenements or other buildings in cities, towns or villages," a class of tenements upon which the tenant neither sows or reaps. The section being in derogation of the common law should not be extended beyond the plain and manifest intent of the Legislature but should be confined to the subjects therein specifically named. We do not think that lands devoted to agriculture, though within the limits of a city, town or village and with a dwelling house upon them, are included in the section.

In Withnell v. Petzold, 104 Mo. 409, it was ruled that section 4110 applies to premises used as a park, with buildings and fixtures thereon, situated in a city and not leased for the purpose of cultivation. SHERWOOD, J., writing the opinion of the court, at page 413, said: "We are not, therefore, called upon to rule what we should do were this a case where a large farm is situated within the limits of a city."

In the case at bar we are compelled to rule what the court should do when the case is one in which a small or truck farm, situated within the limits of the city of St. Louis, is leased for the purpose of cultivation. We do not think the size of the farm should influence our ruling on this question, for it is as much the right of the tenant of a truck farm who has sown his patches of potatoes, cabbages, turnips, etc., to reap them as it is the right of the tenant of a five-hundred-acre farm to reap the corn and wheat he has sown thereon. The difference is only in the magnitude of the crops not in the justice and equity of the two tenants to reap what they have sown; in this they are equal. If the case comes under section 4110, the defendant is a tenant from month to month and there is nothing in the way to prevent the plaintiff from arbitrarily terminating the tenancy at a time when the tenant's crops have been sown and culti-

vated and are nearing maturity and thus deprive him of that justice which the policy of the law has given that he may reap. It seems to us that section 4110 should not apply when the land in cultivation is sufficient in quantity to be designated as a farm and where it was rented for the purpose of cultivation though within the limits of a city.

Plaintiff contends that the inconsiderable quantity of cultivated land is not sufficient to dignify the place as a farm.

In Pepper v. O'Dowd, 39 Wis. l. c. 547, in construing what constituted adverse possession of lands under a statute of that State, the court said: "A farm may be of any size, of any shape, of any boundaries; may include less than one lot, or comprise several lots or parts of lots."

In State v. Kennerly, 98 N. C. l. c. 659, it is said that a farm, "in the ordinary sense, implies land cultivated—used in some way for the purposes of production by the owner thereof, or some other person having a temporary estate or interest therein."

In re Drake, 114 Fed. Rep. l. c. 231, in construing the meaning of farming and farm, within the meaning of the bankrupt act, the court said that farming, "within the purview of this statute is understood to mean the business of cultivating land, or employing it for the purposes of husbandry; and a farm is a tract devoted to cultivation under a single control, whether it be large or small, isolated, or made up of many parcels."

In Kendall v. Miller, 47 How. Pr. l. c. 448, the modern definition of farm is given as follows: "Any considerable tract, or a number of small tracts of land, set apart for cultivation by a single occupant, whether as a tenant or owner, and upon which he resides."

Webster defines a farm to be "any tract of land devoted to agricultural purposes, under the management of a tenant or the owner."

The evidence shows that there were between five

and six acres of land in the tract or parcel of land in question; that the land was devoted to agricultural purposes and that the tenant was required by his contract of lease to keep it manured. On this evidence, we think the tract or lot falls within the definition of a farm and that the defendant was a tenant from year to year and was entitled to sixty days' notice prior to the end of the year to terminate his tenancy. The judgment is therefore affirmed. All concur.