## ANTONIO WINTER et al., Appellants, v. WILLIAM H. SPRADLING, Respondent.

**Springfield Court of Appeals, April 1, 1912.**

1. **LANDLORD AND TENANT: Statute of Frauds: Part Performance of Oral Lease.** Plaintiffs by written lease rented certain lands to defendant for a period of three years, ending March 1, 1911. According to defendant's testimony an oral agreement was made between him and plaintiff in July, 1910, by the terms of which defendant leased the land for another year, to begin at the expiration of the written lease and expiring March 1, 1912. *Held*, that this oral lease was unenforcible under the Statute of Frauds because it could not be performed within one year. *Held, further* that the contract was not taken out of the statute because defendant performed certain labor on the premises in partial fulfillment of the oral lease, but while occupying the premises under the written lease.

2. **STATUTE OF FRAUDS: Contracts That Cannot Be Performed Within One Year.** The provisions of the Statute of Frauds requiring a contract to be in writing that cannot be performed within one year, means that the contract to be enforcible, if not in writing, must be capable of being performed within one year from the date of its execution and not within one year from the date of the beginning of its performance.

3. ————: **Part Performance.** It is the settled rule in this state that in an action at law part performance only does not take the contract out of the Statute of Frauds

4. **LANDLORD AND TENANT: Oral Lease: Statute of Frauds: Tenancy From Year to Year.** An oral lease of farm lands for a period of longer than one year or that cannot be fully performed within one year, though not enforcible by reason of the Statute of Frauds, yet the delivery of the possession thereunder by the lessor will constitute the lessee a tenant from year to year.

5. ————: ————: ————: **Part Performance: Tenant's Right to Recover for Labor.** Where a tenant occupies lands under a written lease, making an oral agreement for the extension of the written lease, which is not binding under the Statute of Frauds, but the tenant performs certain labor called for by the terms of the oral lease and by and with the consent of the landlord, the landlord on refusing to recognize the oral lease would become indebted to the tenant for the reasonable value of the labor performed by the tenant.

Appeal from Crawford Circuit Court.—*Hon. L. B. Woodside,* Judge.

REVERSED AND REMANDED.

*Harry Clymer* for appellants.

(1) Respondent relied upon an alleged oral agreement which he claimed was made in July, 1910, by which the farm was rented to him for a further term of one year, to begin on the first day of March, 1911, and terminating on the first day of March, 1912. Appellants denied making such agreement. Such contract, if made as alleged by respondent, would be one that could not be performed in one year from the making thereof, and must be in writing under the statute. Revised Statutes 1909, sec. 2783; Briar v. Robertson, 19 Mo. App. 66; Johnson v. Reeding, 36 Mo. App. 306; Beiler v. Devoll, 40 Mo. App. 251; Cook v. Redman, 45 Mo. App. 401; Nally v. Reeding, 107 Mo. 350; Ray v. Blackman, 120 Mo. App. 497; Sharp v. Rhiel, 55 Mo. 97; Butts v. Fox, 96 Mo. App. 440; Biest v. Shoe Co., 97 Mo. App. 149; Womach v. Jenkins, 128 Mo. App. 408; Brookfield v. Drury College, 139 Mo. App. 368; Kellar v. Fertilizer Co., 153 Mo. App.

124.   (2)  Performance of the contract does not mean
a partial performance, but a full and complete per-
formance.   Biest v. Shoe Co., 97 Mo. App. 151; Akins
v. Hicks, 109 Mo. App. 100; Ver Steeg v. Fruit Co.,
138 S. W. 901.   (3)  Possession in order to constitute
performance must be pursuant to and refer solely to
the parol contract.   36 Cyc. 659; Spalding v. Conzel-
man, 30 Mo. 177; Emmel v. Hayes, 102 Mo. 186.   (4)
Neither were the alleged improvements claimed to
have been made by respondent sufficient to constitute
performance or remove the alleged oral contract from
the bar of the statute.   36 Cyc. 664; Spalding v. Con-
zelman, 30 Mo. 177.   (5)  Under all the evidence and
well established rule of decision in this state the judg-
ment of the trial court should have been in favor of
appellants and the court committed error in finding
the issues for the respondent.   Tiefenbrun v. Tief-
enbrun, 65 Mo. App. 253; Nally v. Reeding, 107 Mo.
306; Ray v. Blackman, 120 Mo. App. 253.

*Frank H. Farris* for respondent.

(1)  Under our statute a verbal contract for the
lease of lands for one year or less, is not void.   And if
the leasing of lands for a year, to begin at a date more
than a year from the making of the contract be void,
because not in writing, yet possession and payment
of rent thereunder creates an estate at will and if the
leasing be of farm lands, a tenancy from year to year.
Hoover, Rhodes & Co. v. Dil Co., 41 Mo. 327; Dono-
van v. Brewing Co., 92 Mo. App. 344; Butts v. Fox,
96 Mo. App. 440; Kroeger v. Bohrer, 116 Mo. App.
210; Roy v. Blackman, 120 Mo. App. 413; Womack v.
Jenkins, 128 Mo. App. 413; Kerr v. Clark, 19 Mo. 133.
(2)  A verbal contract of rental of farm lands after
the expiration of a written lease, accompanied by pos-
session and the payment of rent, creates a tenancy
from year to year.   Hammer v. Douglas, 50 Mo. 434;

Sterling v. Hennan, 108 Mo. App. 47; Edmonston v. Nebb, 119 Mo. App. 682.

COX, J.—Action of unlawful detainer begun before a justice of the peace then removed to the circuit court by *certiorari*. Trial by court, judgment for defendant and plaintiffs have appealed. The question for our determination is whether or not the testimony will support the judgment. This being true, we must give to the testimony the most favorable construction consistent with sound reason with a view of upholding the judgment. Proceeding in this way the facts will be found to be as follows: Plaintiffs by written lease rented certain lands to defendant for a period of three years ending March 1, 1911. Defendant went into possession and continued in possession beyond the expiration of that lease and was in possession at the time this suit was begun. In July, 1910, according to defendant's testimony, an oral agreement was made between plaintiff, Antonio Winter, the owner of the land, and defendant, by the terms of which defendant leased the land for another year to begin at the expiration of the written lease on March 1, 1911 and expiring March 1, 1912. As a part of the terms of said oral lease, certain improvements were to be made on the land for which plaintiff was to furnish the material and defendant perform the labor and that part of those improvements were made as agreed. Defendant also plowed eight acres of ground preparatory to sowing wheat. After this was done, plaintiffs on August 15, 1911, notified defendant that they wanted possession at the expiration of the written lease and nothing further was done in relation to the oral lease. Plaintiffs denied that an oral contract of lease was made. This suit was filed March 4, 1911, after the expiration of the written lease.

It will be observed that the oral contract under which defendant claims the right to continue in posses-

sion after March 1, 1911, was made in July, 1910, and
was for a lease of the land from March 1, 1911, to
March 1, 1912, and therefore could not be performed
within one year from the date of its execution. The
contract standing alone is clearly unenforceable by
reason of the Statute of Frauds, section 2783, Revised
Statutes 1909, for the reason that it could not be per-
formed within one year. This provision of this stat-
ute means that the contract to be enforceable. if not
in writing, must be capable of being performed within
one year from the date of its execution and not within
one year from the date of the beginning of its per-
formance. [Brookfield v. Drury College, 139 Mo. App.
339, 368, 123 S. W. 86; Keller v. Fertilizer Co., 153
Mo. App. 120, 124, 132 S. W. 314.]

It is contended, however, by respondent that part
performance upon his part by performing some labor
which amounted to a part payment of the rent and
plowing ground preparatory to sowing wheat took
this contract out of the Statute of Frauds. With this
contention we do not agree. Without reviewing the
authorities at length, we may say that the settled rule
in this state is, that in an action at law part perform-
ance only, does not take the contract out of the statute.
This question was exhaustively treated and the con-
clusion we have just announced reached by the St.
Louis Court of Appeals in Johnson v. Reading, 36
Mo. App. 306. That case was certified to the Supreme
Court and the same conclusion was reached by that
court. [Nally v. Reading, 107 Mo. 350, 17 S. W. 978.]
In that case a lessee in possession whose lease had
four years to run sold his interest in the lease to Read-
ing and placed Reading in possession. He remained
in possession and paid rent for one year then aban-
doned the premises. Reading was sued at law for
damages and it was held that no recovery could be
had because the contract was not in writing and that

part performance did not take it out of the statute. In that case the Supreme Court said: "The fact that defendant took possession under the verbal contract and made one payment cuts no figure in the case. Whatever may be the rule in equity as to the doctrine of part performance, that rule has no place in an action at law as in the present instance." This doctrine was reaffirmed and this language quoted with approval in Reigart v. Coal & Coke Co., 217 Mo. 142, l. c. 163, 164, 117 S. W. 61.

The oral contract relied upon by defendant was not enforceable because not in writing, but it is further insisted by defendant that if the oral lease is not enforceable by reason of the Statute of Frauds, yet, part performance upon his part coupled with possession under it, converted it into a lease from year to year and for that reason he should be permitted to hold possession. It is well settled in this state that an oral lease of farm lands for a period longer than one year or that cannot be fully performed within one year though not enforceable by reason of the Statute of Frauds, yet the delivery of possession thereunder by the lessor will constitute the lessee a tenant from year to year. [Womack v. Jenkins, 128 Mo. App. 408, 107 S. W. 423; Ray v. Blackman, 120 Mo. App. 497, 97 S. W. 212; Kroeger v. Bohrer, 116 Mo. App. 208, 91 S. W. 159.]

We do not think the evidence in this case brings defendant within that rule. Defendant was in possession under a written lease at the time the oral contract of lease was made and as we view the testimony there was no change in the possession thereafter. The oral contract was made July 4, 1910, for one year to begin March 1, 1911, and nothing was done to interfere with the written lease which did not expire until that date. If, therefore, possession under the oral lease was given by plaintiff to defendant, it must have been done by some act of the parties which engrafted

Winter v. Spradling.

possession under the oral lease upon possession under the written lease so that after the date of the oral lease the defendant held possession under both leases, for there is no contention that possession under the written lease was surrendered and then retaken under the oral lease. We can see nothing in this case to change the character of defendant's possession after the oral contract of lease was made. All that defendant claims was done is, that he labored for one and a half days building a small smoke-house, laid a porch floor, six feet by eighteen feet and plowed eight acres of ground for wheat. The labor on the smoke-house and porch floor was done with plaintiff's knowledge and consent but the performance of this labor could not change the character of defendant's possession and if done under the oral contract of lease could only be considered as part payment of the rent, and if the oral lease was not binding, plaintiff then became indebted to him for the reasonable value of his services for which he has his remedy. The only thing done to indicate any change in the character of defendant's possession was the plowing of eight acres of ground preparatory to sowing wheat and this cannot avail defendant for the reason that it is not shown that it was done with the knowledge and consent of plaintiff at the time it was done. If defendant had been out of possession when the oral contract of lease was made, and were he now seeking to hold possession as a tenant from year to year, it is clear that he would have to show that the lessor put him in possession under the oral contract of lease. He could not call to his aid a possession taken without the lessor's knowledge or consent. Neither can he in this case call to his aid an act of his own done without the lessor's knowledge or consent and thereby change the character of his possession. While there would be nothing inconsistent in defendant holding possession under both the written and verbal leases at the same time, yet, when the evidence that

he was holding under both consists of his own acts, it would be manifestly unjust to plaintiffs to bind them thereby when they had no knowledge of what he was doing. It cannot be said that by the oral lease permission was given to defendant to plow the ground and sow wheat and that therefore knowledge by plaintiffs of what he was doing was not necessary, for, by the terms of the oral lease it was not to begin until March 1, 1911, and could not, therefore, contemplate that anything should be done under it before that time and nothing could be done under it prior to March 1, 1911, except by consent of both parties.

If we give the defendant the benefit of all the testimony in his favor and disregard the testimony of plaintiff in conflict therewith, yet, it shows that all defendant has to stand upon is the proof of part performance of an oral contract by payment of a small part of the rent and that is not sufficient. It follows that on the testimony adduced at the trial, judgment should have gone for the plaintiffs. Judgment reversed and cause remanded. All concur.