JACOB K. SHACKLETT, Appellant, v. SHERMAN CUMMINS, Respondent.

Kansas City Court of Appeals, April 6, 1914.

1. STATUTE OF FRAUDS: Verbal Lease: Possession: Plowing: Unlawful Detainer. S purchased a farm from D in the month of August. C was then in possession under a lease from D which did .not expire until the following March. S and C, just after the former's purchase, entered into a verbal contract whereby C leased the farm for a year from the expiration of his then present lease from D, the agreement being that he was to plow 35 acres of sod that fall and to pay a part of the crop. C did the plowing with the knowledge of S, and on the following first of March refused to vacate the premises; whereupon S brought unlawful detainer. It was held that the verbal lease to C, being a contract not to. be performed within a year, was invalid under the statute of frauds and S could maintain his action.

2. ———: Time: Date of Making Lease: Performance. Under .the statute of frauds declaring invalid a verbal contract not to be performed within one year, the year begins to run from the date of the contract and not the beginning of performance.

3. ———: Possession: Payment of Rent: Year to Year. If one enters into possession of property under an invalid verbal lease for more than a year, or for an indefinite time, and pays rent with reference to a yearly tenancy, he becomes a tenant from year to year.

4. ———: One Year or Less. A verbal lease of a farm for one year or less, is valid under the statute of frauds.

5. ———: Part Performance: Full Performance. Part performance will not validate a verbal lease made invalid by reason of its performance being more than a year from it's making. Full performance is necessary.

6. ———: ———: **Quantum Meruit.** If there is part perform-
ance of a verbal lease made invalid by the statute of frauds
by reason of the time of it's performance being more than a
year from its making, the lessee may recover on account for
such part performance.

7. ———: **Entry of Possession:** **Expiration of Lease.** If a
lessee in a lease of a farm, invalid under the statute of frauds,
is in possession under a valid lease which does not expire for
several months, plows a part of the ground immediately upon
making the invalid lease, as agreed therein, it is not such an
entry of possession and payment of rent as will validate his
lease or make him a tenant from year to year.

Appeal from Sullivan Circuit Court.—*Hon. Fred Lamb*, Judge.

REVERSED. TRANSFERRED TO THE SUPREME COURT.

*D. M. Wilson, J. W. Clapp, R. E. Ash* for appellant.

*E. F. Nelson, J. M. Wattenbarger, Calfee & Painter* and *Jno. W. Bingham* for respondent.

ELLISON, P. J.—In the latter part of the summer of 1911, plaintiff, residing in Scotland county, bought of one Dodson a farm of 240 acres lying in Sullivan county. It was then in possession of defendant under a lease from Dodson for a year ending the following first of March, 1912. At the end of that term defendant refused to quit the premises and this action of unlawful detainer was instituted. The judgment in the circuit court was for the defendant.

Defendant claims a rightful possession by reason of a verbal renting from plaintiff entered into the latter part of August, shortly after plaintiff bought from Dodson, whereby he was to have the land for a year from the expiration of his then present lease, viz., from the first of March, 1912 up to the first of March, 1913; he to plow about thirty-five acres of sod that fall and give a part of the crop when matured.

But as his verbal agreement was a contract not to be performed within a year, it was invalid under the statute of frauds (Sec. 2783, R. S. 1909) since the year's time must be counted from the date of the contract and not the beginning of its performance. [Butts v. Fox, 96 Mo. App. 437; Ray v. Blackman, 120 Mo. App. 497; Womack v. Jenkins, 128 Mo. App. 414.]

In avoidance of this objection to the validity of the lease, defendant relies upon a claim that plaintiff put him in possession of the farm. It is defendant's theory that the act of plowing had the effect of putting him in possession.

It is true that if one enters into possession of premises under a verbal lease for more than a year, or for an indefinite time and pays rent having reference to a yearly tenancy under such invalid lease, he becomes a tenant from year to year. But that does not meet the question in this case. The verbal lease in this controversy was not for *more* than one year and it was that far a valid lease. [Hoover, Rhodes & Co. v. Pacific Oil Co., 41 Mo. App. 317; Sec. 2783, R. S. 1909.] Its invalidity comes from its having been made more than a year before it could be performed; that is, "an agreement that is not to be performed within one year from the making thereof." [Sec. 2783, R. S. 1909.]

It is definitely settled in this State that in law cases part performance will not put the contract outside the Statute of Frauds. That nothing short of full performance will justify reliance upon such a lease; Nally v. Reading, 107 Mo. 350, affirming Johnson v. Reading, 36 Mo. App. 306, where Judge ROMBAUER reviewed the cases on the subject. These cases are quoted from and approved in Reigart v. Coal & Coke Co., 217 Mo. 142, 163. There must be *full* performance. [Atwood v. Fox, 30 Mo. 499, 500; Sharp v. Rhiel, 55 Mo. 97.]

That the foregoing view is correct will perhaps be more readily seen by changing the position of these parties. Suppose that after defendant had done the plowing, he had quit the premises on the first of March, 1912; could plaintiff have maintained an action against him for damages? Or, suppose, instead of agreeing to crop rent as he testified, he had agreed to pay a certain sum as cash rent and then had refused to take the premises, could plaintiff have maintained an action? Or suppose he had occupied the premises for a time and quit, could plaintiff have recovered on the contract; or would not defendant have been held for merely use and occupation for the time he remained in possession? These questions are all answered against the defendant and against the validity of the contract. In Delano v. Montague, 58 Mass. 42, a lessee was sued for rent on a parol lease, and in a second count of the petition for use and occupation. To support the first count it was shown that the lessee was in possession of the plaintiff's premises on the third of March under a lease expiring the first of April and that on said third of March he verbally agreed with the plaintiff that he would take the premises another year from the first of April, at the same rent. The court said that, under the Statute of Frauds, "Upon these facts, it is very clear that the action cannot be maintained on the first count on the parol contract."

In Chicago Att. Co. v. Davis S. M. Co., 142 Ill. 171, the following is taken from the first and second syllabus:

"The actual occupancy of leased premises, and payment of the rent to the lessor for part of the unexpired term, by an assignee, pursuant to a contract of assignment with the lessee, which is not in writing, is not sufficient to exempt such assignment from the operation of the Statute of Frauds, where the assignee vacates before the term expires, and is sued for subsequently accruing rent.

"The lessees, of an unexpired term made a verbal assignment thereof, and put their assignee in posses·sion, who paid the rent to the original lessor for about a year, when he ceased to occupy the premises and refused to pay the rents thereafter, and the lessor brought suit against him for the subsequently accruing rents: *held,* that the Statute of Frauds was a bar to the action."

The court discussed the question of part performance and held that it did not take the case out of the statute.

In Warner v. Hale, 65 Ill. 395, the lessee in a verbal lease took possession and paid rent for a while. The Statute of Frauds that the agreement was not to be performed within one year from time it was made was set up in defense. To this, the landlord replied that defendant had taken possession under the lease, occupied them and paid rent for a while and that action took the case out of the statute. Of this the court said:

"The premises leased were a dock on the Chicago river, and that the agreement was within the Statute of Frauds and perjuries is not denied. The cases cited by appellants to sustain their position, that taking possession of the premises and paying rent, do not apply to a case of this kind. They are cases of the sale of land by parol, where the purchaser pays the purchase money, enters into possession, and, holding under his purchase, makes valuable and lasting improvements. [Mason et al. v. Blair, 33 Ill. 194.] We recollect no case where this doctrine of part performance has been applied to a lease and in a court of law. The agreement being void, what remedy has the owner? He has none on the contract, that is certain, but for the use and occupation of the premises for the time they were occupied, his remedy is ample."

The same rule is stated in 2 Taylors Landlord & Tenant, Sec. 427.

Now we cannot understand how defendant entered into possession under a lease before the old one expired and the new one began. He was in possession without any act of plaintiff's, under his then existing lease from Dodson. His occupancy was not under the future lease but was a right he already enjoyed without regard to a future lease. If he had not been in possession of the land—had been a stranger—and had made the identical agreement with plaintiff he now claims and had plowed the land with plaintiff's knowledge, that would not have changed the policy of the law by wiping out the positive terms of the statute. Its only effect would have been to render plaintiff liable to him on account for work and labor.

The foregoing views result in reversing the judgment. But as they are in conflict with the decision of the Springfield Court of Appeals in Winter v. Spradling, 163 Mo. App. 77, the cause will be certified to the Supreme Court. All concur.