JACOB K. SHACKLETT, Appellant, v. SHERMAN CUMMINS.

Division One, March 30, 1917.

LEASE: Parol Agreement: Part Performance: Possession. The reten-
tion of possession of land by a lessee after the expiration of his
written lease, under a parol contract made by the landlord, while
he was yet in possession, to lease to him for another year, will take
the case out of the Statute of Frauds and authorize compulsory
specific performance, only when such retention of possession is
pursuant to and referable solely to the parol contract. Mere con-
tinuance of possession does not constitute part performance. Hence
the expression by the Court of Appeals, in Winter v. Spradling,
163 Mo. App. 77, that "there would be nothing inconsistent in the
defendant [tenant] holding possession under both the written and
verbal leases at the same time," is condemned.

Appeal from Sullivan Circuit Court.—*Hon. Fred Lamb,*
Judge.

REVERSED AND REMANDED (*with directions*).

*D. M. Wilson, J. W. Clapp* and *R. E. Ash* for ap-
pellant.

*E. F. Nelson, J. M. Wattenbarger, Calfee & Painter*
and *John W. Bingham* for respondent.

RAILEY, C.—In the summer of 1911, plaintiff,
residing in Scotland County, Missouri, bought of one
Dodson a farm of 240 acres, lying in Sullivan County.
It was then in possession of defendant under a lease
from Dodson for a year ending the following first of
March, 1912. At the end of said lease defendant re-
fused to quit the premises, and this action of unlawful
detainer was instituted.

The judgment in the circuit court was for the defend-
ant. The latter claims a rightful possession by reason
of a verbal renting from plaintiff entered into the latter
part of August, 1911, shortly after plaintiff bought

from Dodson, whereby he was to have the land for a year from the expiration of his lease aforesaid, viz., from the first of March, 1912, up to the first of March, 1913; he to plow about thirty-five acres of sod in the fall of 1911, and give a part of the crop when matured.

The case was duly appealed to the Kansas City Court of Appeals by plaintiff, and the latter court, in an opinion by Judge ELLISON, reported in 178 Mo. App. 309, in which all the members of said court concurred, reversed the case, and certified it to this court, on the ground that said decision was in conflict with the decision of the Springfield Court of Appeals in Winter v. Spradling, 163 Mo. App. 77. Judge ELLISON's opinion, supra, was filed April 6, 1914. The opinion of the Springfield Court of Appeals, in Starks v. Manufacturing Co., 182 Mo. App. 241, was not filed until June 27, 1914, and hence, the decision of said court in Winter v. Spradling, 163 Mo. App. 77, contained its latest utterances upon the subject under consideration, when the present case was transferred to this court.

In Winter v. Spradling, plaintiffs leased certain lands to defendant for a period of three years, ending March 1, 1911. Defendant went into possession and continued in possession beyond the expiration of that lease and was still in possession when the action for unlawful detainer was instituted. Defendant claimed that in July, 1910, he made an oral agreement with Winter, the owner of said land, by the terms of which he leased the land for another year, to begin at the expiration of said written lease on March 1, 1911, and to expire March 1, 1912. As part of the terms of said verbal lease, certain improvements were to be made on the land, for which plaintiff was to furnish the material and defendant was to perform the labor, and that part of those improvements were made as agreed. Defendant also plowed eight acres of ground preparatory to sowing wheat. After this was done, plaintiffs, on August 15, 1911, notified defendant that they wanted possession at the expiration of the written lease and noth-

ing further was done in relation to the oral lease. Suit was filed March 4, 1911, before a justice of the peace, and the cause removed to the circuit court on *certiorari*. Judgment was rendered for defendant and the plaintiffs appealed to the Springfield Court of Appeals. The latter reversed and remanded the cause and held that plaintiffs were entitled to recover. The conclusion reached, as to the disposition of the case, was in accord with the views expressed by Judge ELLISON in the case at bar, but certain principles of law are announced in the Winter-Spradling case which are in conflict with the ruling of the Kansas City Court of Appeals in this case, and likewise in conflict with the rulings of both divisions of the Supreme Court.

Judge Cox, in the Winter case, on page 83, said: "If defendant had been out of possession when the oral contract of lease was made, and were he now seeking to hold possession as a tenant from year to year, it is clear that he would have to show that the lessor put him in possession under the oral contract of lease. He could not call to his aid a possession taken without the lessor's knowledge or consent. Neither can he in this case call to his aid an act of his own done without the lessor's knowledge or consent and thereby change the character of his possession. *While there would be nothing inconsistent in defendant holding possession under both the written and verbal leases at the same time,* yet, when the evidence that he was holding under both consists of his own acts, it would be manifestly unjust to plaintiffs to bind them thereby when they had no knowledge of what he was doing."

The principle of law, announced in the italicized portion of above quotation, is in conflict with the conclusion reached by Judge ELLISON in this case.

The cause was properly certified to the Supreme Court.

In the well considered opinion of Judge SHERWOOD in Emmel v. Hayes, 102 Mo. l. c. 193-4, it is said:

"The taking possession of a tract of land by a vendee, under a parol contract made by a vendor to convey to him, and with the consent of such vendor, will take the case out of the Statute of Frauds, and authorize compulsory specific performance *only* where such taking of possession is *pursuant to, and referable solely to, the parol contract.* Nothing short of this unequivocal act of taking possession will suffice. . . . The uniform statement of the text-writers and the reported ruling of adjudged cases is that mere *continu-, ance* of possession does not constitute part performance. There must be a *radical* 'change in the attitude of the contracting parties towards each other, a change consisting of *acts done;* a *notorious* change which *itself indicates* that *some contract* has been made between the parties, and *then* parol evidence is admissible to show the details of the agreement.''

The above opinion overruled the case of Simmons v. Headlee, 94 Mo. 482, in which a different conclusion was reached. The rule of law announced by Judge SHERWOOD supra, has been followed in subsequent cases as follows: Rogers v. Wolfe, 104 Mo. 1. c. 10; Taylor v. Von Schraeder, 107 Mo. 1. c. 228; Cherbonnier v. Cherbonnier, 108 Mo. 1. c. 263-4; Hays v. Kansas City, Ft. S. & G. Ry. Co., 108 Mo. 549-550; Warren v. Castello, 109 Mo. 1. c. 342; Rosenwald v. Middlebrook, 188 Mo. 1. c. 93; Swearengin v. Stafford, 188 S. W. (Mo.) 97-99; Starks v. Manufacturing Co., 182 Mo. App. 1. c. 244-5.

The opinion of the Kansas City Court of Appeals in this case is in accord with the principles of law enunciated in the above authorities and meets with our approval.

The judgment of the circuit court is accordingly reversed. *Brown, C.,* concurs.

PER CURIAM:—The foregoing opinion of RAILEY, C., is hereby adopted as the opinion of the court. All of the judges concur.

PLAINTIFF'S MOTION TO MODIFY JUDGMENT, AND DEFENDANT'S MOTION FOR REHEARING.

PER CURIAM:—Plaintiff's motion to modify the judgment of reversal herein, is sustained, and said cause is hereby reversed and remanded with directions to the trial court, to allow plaintiff, if he so desires, to amend his complaint; to proceed with said cause in conformity to the views heretofore expressed, and to enter judgment in behalf of plaintiff as contemplated by section 7674, Revised Statutes 1909. The defendant's motion for a rehearing is overruled.