GREEN HILLIS, Respondent, v. WILLIAM RHODES, Appellant.

Springfield Court of Appeals, August 20, 1920.

1. **APPEAL AND ERROR:** Verdict for Plaintiff Establishes Truth of His Evidence. In an action for damages for breach of a lease by lessor's failure to give possession, contention that plaintiff was to have full possession is established for purpose of appeal by verdict for plaintiff.

2. **LANDLORD AND TENANT: Evidence Held Not to Show Posses-sion, Constituting Tenancy From Year to Year.** In lessee's action against lessor for damages accruing the first year for the latter's failure to put him in possession under an oral lease agreement for a five-year term, where lessor relied on Statute of Frauds, Revised Statutes 1909, section 2783, evidence *held* not to show such a possession as would, under section 2781, be construed to have the force and effect of a lease or a tenancy from year to year, terminable only by notice to quit under section 7882.

3. **FRAUDS, STATUTE OF: Lessee, Failing to Get Possession Under Oral Lease, May Recover for Work and Labor.** Where an oral five-year lease contract was made and the tenant was not put into possession so that the relation of landlord and tenant was not created, but lessee was given charge of part of the premises on which he did work and planted crops, he could recover for work and labor performed while waiting for lessor to comply with the agreement and give possession.

Appeal from Circuit Court of Wayne County.—Hon. *E. M. Dearing*, Judge.

REVERSED.

*W. A. Settle* and *J. B. Daniel* for appellant.

(1) The contract of lease pleaded by respondent, not having been made in writing, and being for the lease of land for more than one year, and for the performance of obligations by both parties thereto which were not to be performed within one year from the making of said contract, was in violation of the Statute of Frauds and void. R. S. 1909, sec. 2783. (2) In actions at law, part performance will not take the contract out of the Statute of Frauds. Aylor v. McInturf, 184 Mo. App. 691, 695; Shacklet v. Cummins, 178 Mo. App. 309, 311; Last Chance Mining Co. v. Tuckahoe Mining Co., 202 S. W. 287, 288; Winter v. Spradling, 163 Mo. App. 77, 81 and 82. (3) In order that a contract for the leasing of farm lands for more than one year can be enforced as a tenancy at will or from year to year, it is necessary that the party to such contract seeking to recover under it, prove not only the making of the

contract, but also that the tenant thereunder took possession of the premises leased under said contract and by the consent of the lessor. It has never been held that possession of a part of the premises will suffice. Shacklet v. Cummins, 178 Mo. App. 309, 312 and 314; Womach v. Jenkins, 128 Mo. App. 408, 413; Cochran v. Ward, 5 Ind. App. 89, 31 N. E. 581. (4) The fact that respondent is precluded by the Statute of Frauds from recovering in this action does not mean that he is without a remedy for any wrongs he may have suffered. He might have sued in equity for specific performance of the alleged contract or he might have sued for the value of any services performed by him. Shacklet v. Cummins, 178 Mo. App. 309, 314; Aylor v. McInturf, 184 Mo. App. 691, 701; Winter v. Spradling, 163 Mo. App. 77, 83. (5) The market value of the use of the Rhodes farm having been proven, the measure of respondent's damages, if he was entitled to recover, was the difference, if any, between such market value and the rent contracted to be paid. Jenkins v. Womach, 143 Mo. App. 410, 414-415; Hughes et al. v. Hood et al., 50 Mo. 350, 352; Shoemaker v. Crawford, 82 Mo. App. 487, 490. (6) The verdict of the jury was either the result of passion and prejudice or of the argument of counsel for respondent, sanctioned by the court, over the objections and exceptions of appellant to the effect that the measure of damages was what the use of the farm was worth to respondent as distinguished from what it was worth to Mr. Rhodes, over and above the rent contracted to be paid. Estates at will arise only upon actual possession being taken by the tenant. Tiedeman on Real Property (2 Ed.), sec. 212.

*V. V. Ing* for respondent.

(1) The appellate court will not consider the sufficiency of the evidence on the question of possession or any other controverted point for the reason that appellant has not brought up all the evidence in the case, but has set out in his abstract only what appellant

says is the substance of the evidence in the case. Jones
v. Jones, 188 Mo. App. 220; Zachra v. American Mfg.
Co., 179 Mo. App. 683; Epstein v. Hammerslough
Clothing Co., 67 Mo. App. 221; Stowell v. Dickson, 177
S. W. 1080; Forsee v. Zanner, 193 S. W. 975. (2) A
verbal contract for the renting of a farm or farm lands
for farm purposes for a term longer than one year, ac-
compained with the delivery of possession to the ten-
ant, establishes the relation of landlord and tenant
under a tenancy from year to year, which can be termi-
nated only by legal notice to quit. Section 7882, R. S.
1909; Womack v. Jenkins, 128 Mo. App. 408; Womack
v. Jenkins, 143 Mo. App. 410; Cunningham v. Roush,
157 Mo. 336; Tarlotting v. Bokern, 95 Mo. 541. (3) A
verbal lease of farm lands in binding for one year if
followed by possession, and, if the lessor, without the
fault of the lessee, refuse to perform according to the
terms of the lease or to permit the lessee to perform
it on his part, the lessee may recover for the breach.
Jenkins v. Womack, 143 Mo. App. 410; Same case,
128 Mo. App. 408; Kroeger v. Bohrer, 116 Mo. App.
208; Hosli v. Yokel, 58 Mo. App. 169. (4) The reason
for the rule stated in the last above point had its origin
in and is based on the principle of protecting tenants
at will from being deprived of crops sown, by the arbi-
trary termination of their estates, or, in other words,
from the determination of the courts to uphold the just
and equitable policy of allowing a tenant who sows to
reap, which principle is in this case. Kroeger v.
Bohrer, 116 Mo. App. 280; Womack v. Jenkins, 128
Mo. App. 408; Hosli v. Yokel, 58 Mo. App. 169. (5)
Alleged improper remarks or argument of counsel to
the jury will not be reviewed or considered by the ap-
pellate court on appeal, where the remarks or language
used are not preserved in the record. The statement
in objection of counsel to the argument of counsel for
respondent to the jury that the argument was "to the
effect" that under the instructions of the court the
measure of damages is the value of the use of the farm
to Mr. Hillis as distinguished from the value of the farm

to the use of Mr. Rhodes,'' is merely a conclusion of counsel for appellant. It is the province of the Court to determine what the effect of the words used is, and not of counsel. Lund v. McClinton, 205 S. W. 240; Hill v. Harvey, 201 S. W. 535; Stowell v. Dickson, 177 S. W. 1080; Epstein v. Hammerslough Clothing Co., 67 Mo. App. 221; Forsee v. Zanner, 193 S. W. 975. (6) A case will not be reversed because of an erroneous instruction unless it appears that harmful results followed therefrom. Mathewson v. Larson-Myers Co., 217 S. W. 609. (7) Where the verdict is for the plaintiff, his evidence must be taken as true on appeal. Diehl v. Bestgen, 217 S. W. 555. (8) It devolves on appellant to show the appellate court that the judgment of the lower court had no foundation to rest on, and, if he fails to do so, the action of the lower court is presumed to be correct. Stowell v. Dickson, 177 S. W. 1080. (9) Instruction No. 1, given at plaintiff's instance correctly declares the law and is proper in every way. Womack v. Jenkins, 128 Mo. App. 408; Hosli v. Yokel, 58 Mo. App. 169; Jenkins v. Womack, 143 Mo. App. 410. (10) Instruction 2, given at plaintiff's instance is correct, and will not be reviewed on appeal. Its correctness was not challenged by appellant in his motion for new trial. Morgner v. Kister, 42 Mo. 466; Taylor v. Brotherhood, etc., 106 Mo. App. 212; Street v. School District, 221 Mo. 663; Ordelheide v. Traube, 183 Mo. App. 363. Even if it had been error to give instruction 2 asked by plaintiff, it would not be reversible error, because the evidence shows that the verdict is for the right party, and the jury so found. Swearengen v. Orne, 8 Mo. 707; Moore v. Lindell Ry. Co., 176 Mo. 528. We cite the following authorities on the question of what constitutes possession of lands: Barlett v. Draper, 23 Mo. 407; Bradley v. West, 60 Mo. 59; Miller v. Northrup, 49 Mo. 397; Leeper v. Baker, 68 Mo. 400; Henniger v. Trax, 67 Mo. App. 521; Walser v. Graham, 60 Mo. App. 323; Mereweather v. Howe, 48 Mo. App. 148; Keener v. Schleigler, 70 Mo. App. 409. ''Paintiff need not reside on the land, or actually

occupy any building thereon, or even have it inclosed, in order to have actual possession. Robinson v. Ramsey, 190 Mo. App. 206. "If any entry is made with the intention of retaining the permanent possession, and clearing and improving the land, and fitting it for cultivation, it may be sufficient, and authorize the inference that the possession is actual." Bradley v. West, 60 Mo. 59.; Keen v. Schweigler, 70 Mo. App. 409; Henniger v. Trax, 67 Mo. App. 521; Walser v. Graham, 60 Mo. App. 323. Proof of a rental contract, where possession or a part of the rental premises is taken into possession thereunder, extends the actual possession of the part to all the land rented. Robinson v. Ramsey, 176 S. W. 282, loc. cit. near bottom of second column on page 283; Hosli v. Yokel, 58 Mo. App. 169, 171. But, to constitute possession of real estate it is not necessary that the party actually have his foot on every acre of the farm, in fact, actual *pedis possessio* or that any open or visible acts be done on or with every part of the farm. Such a contention is unreasonable, and there is no law justifying it. 19 Cyc. 1130, and cases cited herein above. Plaintiff could not have refused to pay rent to Mr. Rhodes after having taken possession as he did—sowed twenty-nine acres of wheat and stored his hay in the barn and done other acts of possession done by him under the contract by reliance on the statute of frauds, upon which appellant relies, therefore, appellant cannot defeat his liability under the contract. Bless v. Jenkins, 129 Mo. 647. (11) It was perfectly proper to admit testimony as to the nature, location and character of the farm, the number of acres and the character of the soil to aid the jury in determining what was the reasonable value of the use of the farm over and above the rent to be paid by respondent, and the opinion of competent witnesses on that question was also admissible. The jury had a right to both. Hueist v. Marks, 67 Mo. App. 418, and cases cited in paragraph last above. Proof of declarations of appellant that he had rented the farm to respondent for five years, for one-half the crops after Mr. Hillis had entered into

possession shows a tenancy from year to year, which cannot be terminated except by legal notice. And appellant admits this rental contract, as testified to by respondent. Cunningham v. Roush, 157 Mo. 336. (12) The court did not err in refusing to give the instruction in the nature of a demurrer to the evidence offered by the defendant at the close of plaintiff's case, nor that at the end of the whole case, because there was sufficient evidence to take the case to the jury. Steffins v. Fisher, 161 Mo. App. 386; Enloe v. Am. Car & Foundry Co., 240 Mo. 443; Saulsbury v. West U. Tel. Co., 217 S. W. 551. Where there is any evidence or conflicting inferences may be deduced from the evidence, the question should be submitted to the jury. Harper v. Indianapolis, etc. A. Co., 47 Mo. 567; Bennett v. Terminal' Ry. Co. Ass'n, 242 Mo. 125; Beckham v. Kortkamp, 175 Mo. App. 279. (13) The court did not err in refusing to give instruction 3 asked by appellant, because, a proper instruction, unobjected to, to-wit, instruction 2, asked by respondent, on the measure of damages, was given. Ordelheide v. Traube, 183 Mo. App. 363, 166 S. W. 1111; Jenkins v. Womack, 143 Mo. App. 410.

FARRINGTON, J.—In September, 1918, plaintiff and defendant entered into a contract whereby defendant leased his farm in Wayne county to plaintiff for the term of five years. The contract was not reduced to writing, and plaintiff failing to get possession, brought this suit at law for damages for alleged breach of contract. The damages sought as appears from plaintiff's instruction on the measure of damages was the difference between the reasonable value of the use of the farm for the year next after the rental contract, and the value of the rent which plaintiff under the contract was required to pay defendant for said year. The cause was tried before the court and a jury, resulting in a verdict and judgment in favor of plaintiff. Defendant was unsuccessful in his motion for a new trial, and brings the cause here by appeal.

Defendant relies on that part of the Statute of Frauds, section 2783, Revised Statutes 1909, which provides that no action shall be brought upon any contract for the lease of lands for a longer time than one year, or upon any agreement that is not to be performed within one year from the making thereof unless the agreement, or some memorandum thereof, upon which the action shall be brought shall be in writing. By the lease agreement plaintiff was to have possession of the farming land consisting of about 100 acres, including the dwelling house, barns, lots, orchards, etc. There were other conditions about stock and what each was to furnish, but these conditions are not material since they in no way affect the issues here. The rental was to be one-half of the crops produced. Defendant at the time of the agreement was living in the dwelling house on the farm, and he claimed that plaintiff was to build an addition to the dwelling, and that he, defendant, was to furnish the material for this addition, and that plaintiff was to have only two rooms of the dwelling as it was then. Defendant denied that he was to move off the farm, while plaintiff claimed that defendant was to move off, and give him full possession. The jury found for plaintiff and so far as concerns this appeal it stands established that plaintiff was to have the full possession. The question of possession is the only one we think it necessary to consider.

The evidence as to possession shows that after the oral agreement plaintiff and his wife went to defendant's dwelling taking with them "pillows and a few quilts;" and between September 18th, and October 28th plaintiff sowed about 29 acres of wheat on the land he rented. He also bought, cut and put in the barn some hay grown on the place. He used defendant's machine, teams and wagons in taking care of the hay. He also bought some potatoes, and dug and stored them on the premises. Defendant refused to move out of the house, and plaintiff got no more possession than stated.

By section 2781, Revised Statutes 1909, it is provided that all leases of lands made by parol, and not put in writing and signed by the parties or their agents shall have the force and effect of leases or estates at will only, and shall not, either in law or in equity, be deemed or taken to have any other or greater force. This section has been construed in cases involving the oral lease of lands for agricultural purposes for more than a year, when lessee is put in possession, as converting such holding into a tenancy from year to year, which can only be terminated by notice to quit in accordance with section 7882, Revised Statutes 1909. [Cunningham v. Roush, 157 Mo. 336, 57 S. W. 769; Womach v. Jenkins, 128 Mo. App. 408, 107 S. W. 423; Jenkins v. Womach, 143 Mo. App. 410, 128 S. W. 530; Kroeger v. Bohrer, 116 Mo. App. 208, 91 S. W. 159; Hosli v. Kokel, 58 Mo. App. 169; Shacklett v. Cummins, 178 Mo. App. 309, 165 S. W. 1145.]

Was plaintiff put into such possession as to convert his contract into a tenancy from year to year, and thus entitle him to recover in this case? We think not. Plaintiff requested, and the court gave the following instruction, which shows the theory on which plaintiff proceeded:

"The court instructs the jury that, if they shall believe and find from the evidence that on or about the first week in the month of September, 1918, the defendant by verbal contract with the plaintiff rented his farm mentioned in the petition and in the evidence, to plaintiff to be farmed by plaintiff for five years for a consideration of one-half of the crops that should be produced and raised on the farm by plaintiff during the term of the lease, the defendant to furnish the plaintiff with the necessary farm machinery, pay one-half the cost of seed wheat, one team to pull the binder in harvesting, one-half the cost of binder twine and one-half the cost of taking care of the wheat after being put in the shock, and that with the consent of defendant plaintiff entered into and took possession of the farm and prepared the land and sowed twenty-eight or twen-

ty-nine acres of wheat on the farm in the month of September, and cut his hay and put it in the barn on the farm, and claimed possession of the whole farm under said contract, then the court instructs the jury that said verbal contract was and is a binding contract between plaintiff and the defendant, from and after the date on which the contract was made; and the court further instructs the jury that, if the jury shall further believe and find from the evidence that on or about the 2nd day of January, 1919, the defendant refused to permit plaintiff to hold and cultivate the farm during the crop year of 1919, and told plaintiff he could not cultivate the farm under said contract and refused to let plaintiff enter the farm to harvest his said wheat crop, but held the possession of the farm himself, without the consent of the plaintiff, and thereby prevented plaintiff from having and cultivating the farm during the crop season of 1919, then the verdict of the jury should be for the plaintiff.''

By this instruction the jury were advised that if plaintiff entered into and took possession of the farm and prepared the land and sowed twenty-eight or twenty-nine acres of wheat in the month of September, and cut his hay and put it in the barn, and *claimed* possession of the whole farm under the contract, that then the verbal contract was binding. This would be true if there was sufficient evidence to justify the submission in the instruction that plaintiff entered into and took the full possession of the farm with the consent of defendant. Plaintiff was not put into possession of the dwelling or the barn, or anything else, and his sowing wheat and putting his hay in the barn were more in the nature of permissive use than in the nature of possession. Plaintiff's occupancy of one room of the house for himself and wife for a few weeks has no semblance to possession as that term is understood and means when considered with reference to the law of landlord and tenant. The possession of the house was during this time certainly in defendant. It was his table, his house, his furniture, and under his control

absolutely, and plaintiff makes no contention to the contrary. In fact plaintiff says that he did not get possession of the house, and does not claim to have. Nothing about the premises had been turned over to plaintiff. No teams were turned over to him, no lots, no tools, no machinery. True he used defendant's team and machinery to sow the wheat, but this was by permission of defendant, and not necessarily under the contract, as plaintiff does not claim to have had control of the teams or tools. But if it be conceded that plaintiff was by the defendant given the possession of the land he sowed in wheat, that would not be sufficient to convert this oral contract into a tenancy from year to year. The possession of a part of the leased premises in such circumstances as here is not sufficient. [See Shacklett v. Cummins, supra, and cases there cited.] In the last mentioned case it is stated that "it is definitely settled in this State that in law cases part performance will not put the contract outside the Statute of Frauds. That nothing short of full performance will justify reliance upon such a lease." In Nally v. Reading, 107 Mo. l. c. 355, 17 S. W. 978, our Supreme Court had under consideration a law case involving the same provisions of the Statute of Frauds as in the case at bar, and under facts while not exactly similar, yet of such a nature as to make the application of the law the same. In that case Judge Sherwood, speaking for the court, said: "Whatever may be the rule in equity as to the doctrine of part performance, that rule has no place in an action at law."

Plaintiff by the instruction on the measure of damages was permitted to recover the difference between the *use* of the farm for one year to him, and the value of the rent he was required to pay defendant. If the relation of landlord and tenant was not created, and we hold that such relation was not created, then plaintiff could only recover for work and labor performed by him in putting in the wheat and such other work that he performed while waiting for defendant to comply

205 App.—29

with the agreement and give up the possession. [Shacklett v. Cummins, supra.] In that case plaintiff in the latter part of the summer of 1911 bought a farm from one Dodson. Defendant Cummins was in possession of the farm at the time under a lease from Dodson ending March 1, 1912. At the expiration of the lease defendant refused to quit the premises and plaintiff commenced unlawful detainer. Defendant claimed the right to continue in possession by reason of a verbal renting from plaintiff entered into in the latter part of August, shortly after plaintiff bought. Defendant claimed that he was to have the farm for a year from the expiration of his term under Dodson; that he was to plow about 35 acres of sod that fall, and give a part of the crop when matured. But since the contract was not to be performed within a year, it was held invalid under the Statute of Frauds. Defendant contended that his act of plowing had the effect of putting him in possession. The court held that defendant's occupancy was not under the future lease, but was a right he had and enjoyed under the Dodson lease, and that his plowing under the facts there could not be construed as putting him in possession by the plaintiff. There the court made the observation, which we think sound, that if Cummins "had not been in possession of the land—had been a stranger—and had made the identical agreement with plaintiff he now claims, and had plowed the land with plaintiff's knowledge, that would not have changed the policy of the law by wiping out the positive terms of the statute. Its only effect would have been to render plaintiff liable to him on account for work and labor." Shacklett v. Cummins was certified to the Supreme Court as being in part in conflict with Winter v. Spradling, 163 Mo. App. 77, 145 S. W. 834, and the opinion was approved. [Shacklett v. Cummins, 270 Mo. 496, 193 S. W. 562.]

We are not to be understood as holding that the plaintiff cannot recover for his half of the wheat, converted by the defendant, which plaintiff had sowed and raised on the land, as well as for work and labor per-

formed thereon, for which he received no benefit. Such damages were not sought in this action.

In the view that we take of this case, it is not necessary to consider other questions raised. The judgment below is reversed.

*Sturgis, P. J.,* and *Bradley, J.,* concur.